# In the United States Court of Federal Claims

No. 13-465 C
(Filed: July 16, 2014)

```
*************************************
FAIRHOLME FUNDS, INC. et al.,       *
                                    *
              Plaintiffs,           *    Jurisdictional Discovery;
                                    *    Deliberative Process Privilege;
       v.                           *    Housing and Economic Recovery Act;
                                    *    Section 4617(f); Privilege Log;
                                    *    Pre-decisional Documents
                                    *
THE UNITED STATES,                  *
                                    *
              Defendant.            *
*************************************
```

Charles J. Cooper, Washington, DC, for plaintiffs.

Kenneth M. Dintzer, Department of Justice, Washington, DC, for defendant.

## OPINION & ORDER

**SWEENEY**, Judge

      Plaintiffs seek just compensation under the Fifth Amendment of the United States Constitution, contending that defendant engaged in a taking of their property without just compensation. According to plaintiffs, the Federal Housing Finance Administration ("FHFA") placed the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively "the enterprises") into conservatorship in 2008. Plaintiffs state that the United States Department of the Treasury then provided the enterprises with capital, and entered into agreements to purchase securities from them ("government stock"). While serving as conservator, plaintiffs contend, defendant issued the so-called the Third Amendment or "Net Worth Sweep" to government stock documents, which changed the dividend due on the government stock from 10% to 100% of all current and future profits. So long as the Third Amendment remains in effect, the rate of dividends on plaintiffs' stock is zero. Plaintiffs claim that the elimination of their dividends constitutes a taking of dividends owed to Fannie Mae and Freddie Mac shareholders. This case is related to or coordinated with other cases with similar claims.

      Defendant has filed a motion to dismiss, contending that the court lacks jurisdiction to hear this case, that plaintiffs' claims are not ripe, and that plaintiffs have failed to state a claim for a regulatory taking. Plaintiffs respond that defendant's motion relies upon factual assertions

that go well beyond, and in many respects, conflict with, their complaint. The court thus entered an order on February 26, 2014, allowing the parties to engage in jurisdictional discovery.

On May 30, 2014, defendant filed a motion for a protective order regarding jurisdictional discovery. As an initial matter, defendant claims that Section 4617(f) of the Housing and Economic Recovery Act ("HERA") of 2008 bars the court from taking "any action to restrain or affect the exercise of powers or functions" of the FHFA as conservator. 12 U.S.C. § 4617(f). Further, defendant contends that disclosing documents in response to many of plaintiffs' production requests would "interfere with the functioning of the conservatorships of Fannie Mae and Freddie Mac, impair ongoing deliberations about the future of the [e]nterprises," Def.'s Reply at 1, and have a "destabilizing effect on the nation's housing market and economy," Def.'s Mot. at 7. Defendant also asserts that such documents are protected from production by the deliberative process privilege.[1] Id. In response, plaintiffs argue that defendant's concerns can be addressed with a protective order prohibiting public dissemination of sensitive information. Pls.'s Mot. at 1. Plaintiffs also state that defendant's invocation of the privilege is premature because it has not reviewed all of the documents that it seeks to withhold, nor produced a privilege log explaining why they are privileged. Id. at 1-2.

With respect to defendant's claim that the court lacks the authority to affect the exercise of the FHFA's powers or functions, the court agrees with the case law of the United States Court of Appeals for the Ninth Circuit, which states that the "FHFA cannot evade judicial review . . . simply by invoking its authority as conservator." County of Sonoma v. Fed. Hous. Fin. Agency, 710 F.3d 987, 994 (9th Cir. 2013); Leon County v. Fed. Hous. Fin. Agency, 700 F.3d 1273, 1278 (11th Cir. 2012) ("The FHFA cannot evade judicial scrutiny by merely labeling its actions with a conservator stamp."). Thus, rather than turning a blind eye to a case and immediately dismissing it from its docket merely because the case concerns the FHFA, the proper approach is for a court to examine the factual underpinnings and legal contentions presented by the complaint, in order to determine whether the exercise of its jurisdiction is proper. County of Sonoma, 710 F.3d at 994 ("Analysis of any challenged action is necessary to determine whether the action falls within the broad, but not infinite, conservator authority."). Indeed, "Congress did not intend that the nature of the FHFA's actions would be determined based upon the FHFA's self-declarations . . . ." Leon County, 700 F.3d at 1278. For purposes of the instant motion, there is no request by plaintiffs that would potentially restrain or affect the exercise of powers or functions of the FHFA as conservator. Consequently, blanket assertions concerning the court's ability to conduct these proceedings, especially as they pertain to a discovery matter related to the question of jurisdiction, hold no merit.

The court next turns to defendant's arguments regarding the deliberative process privilege, a subset of the executive privilege, which protects "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." NLRB v. Sears, Roebuck & Co., 421 U.S.

---

[1] Defendant's motion puts forward additional arguments that largely pertain to whether the court retains jurisdiction in this matter, and that have no bearing on the discovery issues at hand. The court will thus refrain from discussing these arguments here, and will instead address them when resolving defendant's motion to dismiss.

132, 150 (1975) (internal quotation marks and citation omitted); see also Kaiser Aluminum & Chem. Corp. v. United States, 141 Ct. Cl. 38, 45–49 (1958).  The privilege was created to encourage "open, frank discussion between subordinate and chief concerning administrative action," In re United States, 321 F. App'x 953, 959 (Fed. Cir. 2009) (citation omitted), and to "prevent injury to the quality of agency decisions," Sears, 421 U.S. at 150–51.

  Generally, to be exempt from disclosure under the deliberative process privilege, the government must show that the information is pre-decisional and deliberative.  In re United States, 321 F. App'x at 958 (citation omitted).  Pre-decisional documents "may include recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency."  Id. (citation omitted).  Such documents are deliberative "to the extent that they reveal the mental processes of decision makers." Id. (citations omitted).

  A claim of deliberative process privilege, even when properly established, "is not absolute."  Marriott Int'l Resorts, L.P. v. United States, 437 F.3d 1302, 1307 (Fed. Cir. 2006).  Rather, the privilege is qualified, and "subject to judicial oversight."  Id.  "After the government makes a sufficient showing of entitlement to the privilege, the court should balance the competing interests of the parties." Scott Paper Co. v. United States, 943 F. Supp. 489, 496 (E.D. Pa. 1996) (citing omitted).  Plaintiffs may overcome the privilege by making "a showing of evidentiary need . . . that outweighs the harm that disclosure of such information may cause to the defendant."  Pacific Gas & Elec. Co. v. United States, 70 Fed. Cl. 128, 134 (Fed. Cl. 2006).

  Here, defendant has not provided a privilege log explaining why documents identified as responsive to plaintiffs' discovery requests would be protected.  Indeed, defendant admits that even it has not reviewed some of them, and yet claims that the documents are privileged.  See id. at 135 ("the party seeking protection must state with particularity what information is subject to the privilege [and] the information or documents sought to be shielded must be identified and described" (internal citations and quotation marks omitted)).  Overall, defendant advances general claims concerning the sensitive nature of the documents, and the adverse consequences that would result from divulging them.  Without more detail regarding the content of the documents, or the opportunity to review them, the court cannot make a finding that they fall under the privilege. Id. ("[A] blanket approach to asserting the privilege is unacceptable and is itself grounds for denying invocation of the privilege.") (citation omitted).  In essence, defendant asserts that the court should merely take its word that the documents—some of which defendant, itself, has not reviewed—are privileged.  This suggestion is contrary to law.  However, even as it is difficult to evaluate the likelihood of the fallout from disclosure that defendant describes, out of an abundance of caution, the court will exercise care in attempting to avoid the dire consequences that defendant claims will occur.  Accordingly, as outlined in the June 19, 2014 hearing, the court has fashioned a solution to balance the parties' competing needs, and to comply with the dictates of the deliberative process privilege.

  Jurisdictional discovery in this matter will proceed in phases.  In the first phase, defendant shall respond to discovery requests regarding information from: April 1, 2008, up to and including December 31, 2008; and from June 1, 2011, up to and including August 17, 2012.  Defendants shall prepare a detailed privilege log for all documents from these respective time

periods that it asserts are privileged.  In addition, defendant shall respond to discovery requests for non-privileged information from August 18, 2012, up to and including September 30, 2012, regarding topics other than the future profitability of the enterprises or whether and when the conservatorships might end.  Subsequently, plaintiffs shall inform the court as to whether they believe that discovery for documents created after these time periods are necessary.

      Finally, the parties are bound to strict adherence to the protective order that the court has entered.[2]  As stated during the June 19, 2014 hearing, any violation of the protective order that results in release of information or documents will be met with swift and severe consequences, which may include: both parties' forfeiture of the ability to use in these proceedings the document or information that has been leaked, a prompt investigation, and recommendation for disbarment.  Accordingly, defendant's motion for a protective order is **GRANTED IN PART** and **DENIED IN PART**.

      **IT IS SO ORDERED.**

                                         s/ Margaret M. Sweeney
                                         MARGARET M. SWEENEY
                                         Judge

---

[2]  This protective order contains modifications and changes to the language proposed by the parties.  The parties are advised to take note of these changes.