# In the United States Court of Federal Claims

No. 13-465C
(Filed: August 8, 2014)

```
*****************************
FAIRHOLME FUNDS, INC. et al.,      *
                                   *
              Plaintiffs,          *
                                   *
v.                                 *
                                   *
THE UNITED STATES,                 *
                                   *
              Defendant.           *
*****************************
```

## PROTECTIVE ORDER

The court finds that certain information likely to be disclosed orally or in writing during the course of this litigation may be sensitive or otherwise confidential and protectable, and that entry of a Protective Order is necessary to safeguard the confidentiality of that information. Accordingly, the parties shall comply with the terms and conditions of this Protective Order.

This Protective Order is not intended to address or govern claims of privilege that may otherwise be asserted by any of the parties. This Protective Order is not intended to address or govern documents, material, and information which are prohibited from disclosure or nondisclosure by law, including without limitation, any statute, rule, order, or regulation. This Protective Order does not restrict in any manner a party's use of its own Protected Information (as defined in Paragraph 1, below). This Protective Order shall not limit the ability of a party to disclose any Protected Information to its author, to anyone identified on the face of the document as a recipient, or to an employee of the party that produced or generated the document. Except as provided herein, this Protective Order does not grant any person who is not a party to this litigation with any rights to apply for access to Protected Information.

A party producing information, documents, or other material in this case (the designating party) may designate as Protected Information any information, document, or material that meets the definition of Protected Information set forth in this Protective Order.

Non-parties producing documents in the course of this litigation may also designate materials as Protected Information, subject to the same protections, obligations, and constraints as the parties to the litigation. A copy of the Protective Order shall be served along with any subpoena served in connection with this litigation that seeks documents. In the event that a non-party produces or discloses information for purposes of this litigation, that non-party may be bound by the terms of this Protective Order by informing the court and the parties of its intent to be so bound. After doing so, the non-party may designate documents and

information as Protected Information, and all parties and non-parties shall abide by the terms of this Protective Order with respect to such information.

This Protective Order shall not protect from disclosure or permit the protected designation of any document, information or material that: (a) the party has not made reasonable efforts to keep confidential; or (b) has been produced in any other action or proceeding without confidentiality protection, except inadvertently produced documents.

1. Parties. For the purposes of this Protective Order, the term "party" or "parties" shall refer only to the plaintiffs in Fairholme Funds, Inc. et al v. United States (No. 13-465, Fed. Cl.), and defendant, the United States, including its agencies. For the purposes of this Protective Order, the term "party" shall also include the Federal Housing Finance Agency (FHFA). The inclusion of FHFA in this definition does not imply or state that FHFA is a defendant, or that FHFA is a Government actor for all purposes.

2. Protected Information Defined. "Protected Information" as used in this Protective Order means proprietary, confidential, trade secret, or market-sensitive information, as well as information that is otherwise protected from public disclosure under applicable law. Protected Information does not include discovery material that has been provided to or prepared by any Government agency (which shall include, for these purposes, FHFA) and that is available under applicable law. The designation of information as Protected Information must be made or supervised by an attorney. To facilitate the expeditious production by a party of information requested in discovery by another party, the producing party may initially designate all information that it produces as Protected Information, subject to the right of the receiving party, in accordance with the procedures established under Paragraph 17 of this Protective Order, to thereafter challenge the designation of the information as Protected Information. Protected Information may be contained in:

(a) any document produced, filed, or served by a party to this litigation (the term "document" is defined to include, without limitation, all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to Rule 34 of the Rules of this court, subpoena, by agreement, or otherwise); or

(b) any deposition, sealed testimony or argument, declaration, or affidavit taken or provided during this litigation;

3. Restrictions on the Use of Protected Information. Protected Information may be used solely for the purposes of Fairholme Funds, Inc. v. United States (No. 13-465, Fed. Cl.), including any appellate proceedings, and may not be given, shown, made available, discussed, or otherwise conveyed in any form, except as otherwise agreed by the parties or as otherwise provided in this Protective Order or in any subsequent orders issued by the court in this action (including but not limited to any orders issued pursuant to Paragraphs 17 or 18 of this Protective Order). Protected Information shall not be used for any business, commercial, competitive, or personal purpose. Any summary, compilation, notes, memoranda, analysis, or copy containing Protected Information and any electronic image or database containing Protected Information shall be subject to the terms of the Protective Order to the same extent

as the material or information from which such summary, compilation, notes, copy, memoranda, analysis, electronic image, or database is derived. This paragraph is not intended to provide confidential treatment to motions, briefs, or other filed documents that are based generally on information contained in confidential materials, unless such motions, briefs, or court filings specifically disclose the substance of Protected Information.

4.      <u>Individuals Permitted Access to Protected Information</u>. Except as provided in this Protective Order, the only individuals who may be given access to Protected Information are counsel for a party, as well as any expert financial consultants (e.g., economists, accountants, analysts) retained by a party for purposes of this action, witnesses (including expert witnesses) or deponents if the Protected Information is, in good faith, determined to be necessary to obtain the consultant's advice or to prepare the testimony of the witness (including expert witness) or deponent. In addition, counsel for a non-party who has produced Protected Information pursuant to a subpoena served in connection with this action may be given access to the Protected Information produced by that counsel's non-party client.

5.      <u>Access to Protected Information by the court, Department of Justice, and Agency Personnel</u>. Personnel of the court, videographers or court reporters working on this case, attorneys for the Department of the Treasury (Treasury) and FHFA, and Department of Justice (DOJ) attorneys are automatically subject to the terms of this Protective Order and are entitled to access to Protected Information without further action.

6.      <u>Access to Protected Information by Support Personnel</u>. Paralegal, clerical, and administrative support personnel, witnesses, and vendors assisting any counsel entitled to access to Protected Information under this Protective Order may be given access to Protected Information by such counsel if those personnel have first been informed by counsel of the obligations imposed by this Protective Order.

7.      <u>Applying for Access to Protected Information</u>. Persons seeking access to Protected Information must read this Protective Order, complete the appropriate application form (attached to this Protective Order as Attachment A), and file the executed application with the court. The applicant must consult with opposing counsel and set forth in the application whether opposing counsel agrees to or opposes the applicant's admission. If there is no opposition, the applicant will automatically be granted access to Protected Information. If there is opposition, opposing counsel will file a submission describing such opposition within three (3) days of the application being filed. The other party will then have three (3) days to file a response. The obligation to complete and file such an application does not apply to persons identified in Paragraph 5 or to counsel who have entered an appearance in this action.

8.      <u>Identifying Protected Information for Use in the Case</u>. Protected Information shall be provided only to the court and to individuals admitted under this Protective Order and must be identified as follows:

       (a) if provided in electronic form, the subject line of the electronic transmission shall read "CONTAINS PROTECTED INFORMATION"; or

       (b) if provided in paper form, the document must be sealed in a parcel containing the

legend "CONTAINS PROTECTED INFORMATION" conspicuously marked on the outside; or

   (c) if provided on electronic media (i.e., a CD, DVD, etc.), the electronic media shall be marked with a legend stating "CONTAINS PROTECTED INFORMATION."

The above identifications must be placed so that they do not obscure any words or images on the materials to which they are affixed. The first page of each document, deposition transcript, or exhibit containing Protected Information, including courtesy copies for use by the court, must contain a banner stating "Protected Information to Be Disclosed Only in Accordance With Protective Order."

9. <u>Materials for Inspection</u>. In the event that a party makes documents or materials available for inspection, rather than delivering copies to another party, no marking need be made in advance of the initial inspection. For purpose of initial inspection, all documents made available for inspection shall be considered Protected Information. Upon production of the inspected documents, or portions thereof, the party shall designate, in writing, within ten (10) business days of production, which of the produced or copied documents and materials contain Protected Information. During this period, the documents shall be considered Protected Information.

10. <u>Filing Protected Information</u>. Pursuant to this order, a document containing Protected Information may be filed electronically, with no further leave of court, under the court's electronic case filing system using the appropriate activity listed in the SEALED menu. If filed in paper form, a document containing Protected Information must be sealed and must include as an attachment to the front of the parcel a copy of the certificate of service identifying the document being filed.

11. <u>Redacting Protected Documents For the Public Record</u>.

   (a) <u>Initial Redactions</u>. After filing a document containing Protected Information, or after later sealing a document which contains Protected Information, a party must promptly serve on the other parties a proposed redacted version marked Proposed Redacted Version in the upper right-hand corner of the first page with the claimed Protected Information deleted.

   (b) <u>Additional Redactions</u>. If a non-filing party seeks to include additional redactions, it must advise the filing party of its proposed redactions within ten (10) business days after receipt of the Proposed Redacted Version, or such other time as agreed upon by the parties. The filing party must then provide the other parties with a second redacted version of the document clearly marked Agreed-Upon Redacted Version in the upper right-hand corner of the page with the additional information deleted.

   (c) <u>Objecting to Redactions</u>. Any party at any time may object to another party's proposed redactions. The parties shall first work together to informally resolve any disagreements about whether information is properly redacted. If the parties are unable to reach agreement, the objecting party may submit the matter to the court for resolution. Until

the court resolves the matter, the disputed information must be treated as protected.

      (d) Final Version. At the expiration of the period noted in (b) above, or after an agreement between the parties or a final decision by the court regarding redactions, the filing party must file with the court on the court's electronic case filing system the final redacted version of the document clearly marked Redacted Version in the upper right-hand corner of the first page. This document will be available to the public on the court's electronic case filing system.

12.    Safeguarding Protected Information. Any individual admitted under this Protective Order must take all necessary precautions to prevent unauthorized disclosure of Protected Information, including, but not limited to, physically securing, safeguarding, and restricting access to the Protected Information.

13.    Clawback of Inadvertently Disclosed Privileged Material. The inadvertent disclosure of any information or document that is subject to privilege will not be deemed to waive a party's claim of privilege for that document or the subject matter of the document, to its privileged or protected nature, or estop that party or the privilege holder from designating the information or document as privileged at a later date. In the event any document is produced that the producing party later claims is protected by the attorney-client privilege, work product doctrine or other privilege or immunity, the receiving party shall, within five (5) business days of receipt of a written request by the producing party, return the original to the producing party, destroy, or delete all copies thereof, as well as all notes, memoranda or other documents that summarize, discuss or quote the document, and delete any copy of the document, or any portion thereof, from any word processing or database tape or disk it maintains. These obligations apply regardless of whether a receiving party agrees with the claim of privilege. If otherwise permitted by this Protective Order, disclosure of a document or information by the receiving party prior to a designation of the document or information as privileged shall not be deemed a violation of this Order. Within five (5) business days of seeking the return of inadvertently disclosed materials, the producing party shall provide the receiving party with a privilege log for such materials setting forth the basis for the claim of privilege. Production (including production of paper documents or electronic information by permitting the requesting party to inspect and select, i.e. a "make available" production) of privileged, work product-protected or otherwise immune documents in the course of discovery in this action shall not constitute a waiver of any privilege, work product protection or immunity, either as to the produced document or as to any other documents or communications. Return of a document for which the producing party has asserted a claim of privilege, work product protection, or immunity under this paragraph shall be without prejudice to the receiving party's right to seek an order from the court directing production of the document on the ground that the claimed privilege, work product protection or immunity is invalid or inapplicable, provided, however, that mere production of the document in the course of this action shall not be a ground for asserting waiver of the privilege, protection or immunity. This clawback provision shall be governed by Federal Rule of Evidence 502(d).

14.    Inadvertent Disclosure of Protected Information. Inadvertent failure to designate any information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection. The inadvertent, unintentional, or in camera disclosure of

Protected Information shall not be deemed to be a waiver of a party's claim of protection. Any dispute regarding a party's waiver shall be governed by this Protective Order. Unless a motion challenging the protected status of the document(s) is filed with the court for resolution, or unless the parties agree to a different protocol, within five (5) business days of receiving written notification of an inadvertent or unintentional disclosure from the producing party, the receiving party shall destroy or delete all copies of the material or information and shall thereafter treat such material or information as Protected Information under this Protective Order.

15.    <u>Waiving Protection of Information</u>.  A party may at any time waive the protection of this Protective Order with respect to any information it has designated as protected by advising the other parties in writing and identifying with specificity the Protected Information to which this Protective Order will no longer apply.  The party shall reproduce the information without the "Protected Information" legend.  A waiver pursuant to this paragraph shall not operate as or be used to argue for a waiver with respect to any other documents.

16.    <u>Breach of the Protective Order</u>.  If a party discovers any breach of any provision of this Protective Order, the party must promptly report the breach to the other parties and to the court, and immediately take appropriate action to cure the violation and retrieve any Protected Information that may have been disclosed to individuals not admitted under this Protective Order.  The parties must cooperate to determine the reasons for any such breach.

17.    <u>Seeking Relief From the Protective Order</u>.  Nothing contained in this Protective Order shall preclude a party from seeking relief from this Protective Order through the filing of an appropriate motion with the court setting forth the basis for the relief sought.  If the receiving party desires to disclose Protected Information to a person not otherwise authorized under this Protective Order to receive such information, or if it disagrees with the protected designation by the producing party, then the receiving party shall so notify, in writing, counsel for the producing party. The parties shall first try to resolve such dispute within five (5) business days after receipt of the receiving party's notice. If the dispute is not resolved, the party challenging the protected designation, upon no fewer than three (3) business days' written notice to the producing party may, by specifying the basis on which it claims that such designation is not appropriate or that such disclosure is proper, seek a ruling from the court that the information is improperly designated or that disclosure is allowed.  In connection with any such request for a ruling by the court, the burden of persuasion shall rest with the moving party. Pending a determination by the court, the document(s) shall be treated under this Protective Order as Protected Information. For purposes of this paragraph, the term "producing party" includes non-parties who produce material that has been designated as Protected Information.

18.    <u>Filing Protected Information in Other Litigation</u>.  Nothing contained in this Protective Order shall preclude a party from seeking the agreement of a producing party, or authorization from the court, to file Protected Information in litigation other than the subject action identified in Paragraph 3. Unless the parties otherwise agree or this court otherwise orders, any such Protected Information that is filed in other litigation must be filed under seal. For purposes of this paragraph, the term "producing party" includes non-parties who produce material that has been designated as Protected Information.

19. <u>Preservation of Right to Challenge Confidential Designation</u>:  No party shall be obliged to challenge the propriety of a confidentiality designation, and a failure to do so shall not preclude a subsequent challenge to the propriety of such designation.  This Protective Order shall be without prejudice to the right of any party to bring before the court at any time the question whether any particular document or information is Protected Information or whether its use otherwise should be restricted.

20. <u>Client Consultation</u>:  Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients in this case and, in the course thereof, relying generally on examination of Protected Information; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not reveal the substance or content of any Protected Information.

21. <u>Purpose is to Facilitate the Exchange of Information</u>:  This Protective Order is entered solely for the purpose of facilitating the exchange of information between the parties to this action without involving the court unnecessarily in this process.  Nothing in this Protective Order, nor the production of any documents or disclosure of any information pursuant to this Protective Order, shall be deemed to have the effect of altering the confidentiality or non- confidentiality of any such information.

22. <u>Modification of Protective Order</u>.  Any party may file a motion for a modification of the terms of this Protective Order.  The court shall retain jurisdiction to modify, amend, enforce, interpret, or rescind any or all provisions of this Protective Order, notwithstanding the final termination or conclusion of this case.

23. <u>Confidential Information at Trial</u>. Protected Information may be offered in evidence at trial or any court hearing, subject to appropriate safeguards to prevent unnecessary disclosure. Any party may object that certain evidence be received in camera or under other conditions to prevent unnecessary disclosure.

24. <u>Subpoenas or Orders by Other Courts</u>.  If Protected Information in the possession, custody or control of any receiving party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative or legislative body or any other person or tribunal purporting to have authority to seek such information by compulsory process or discovery request, including private parties, the receiving party shall (i) on or before the fifth business day after receipt thereof, give written notice of such process or discovery request together with a copy thereof, to counsel for the producing party; (ii) withhold production or disclosure of such Confidential Information until the producing party consents in writing to production or the receiving party is required by a court order to produce such Protected Information, so long as the order is not stayed prior to the date set for production or disclosure; and (iii) otherwise cooperate to the extent necessary to permit the producing party to seek to quash or modify such process or discovery request.

25. <u>Maintaining Filed Documents Under Seal</u>.  The court will maintain properly marked protected documents under seal throughout this litigation.

26.     <u>Retention of Protected Information by the Court After the Termination of Litigation</u>. Upon conclusion of this action (including any appeals and remands), any materials that have been filed with the Court under seal will be retained by the Court pursuant to Rule 77.3(c) of the Rules of the United States Court of Federal Claims.  In addition, within 90 days of the conclusion of this action (including any appeals and remands), the parties shall review previously designated Protected Information, and shall propose to the court, in a joint motion (or separate motions if unable to agree), what information requires continued protection, for what period of time, and the rationale for continuing protection.

27.     <u>Disposing of Protected Information</u>.  Within 120 days of the conclusion of this action (including any appeals and remands), all parties must destroy all Protected Information received from another party and certify, in writing, to each other party involved that such destruction has occurred or must return the Protected Information to the party from which the information was received.  With respect to protected electronically stored information (ESI) stored on counsel's computer network(s), destruction of such ESI for purposes of compliance with this paragraph shall be complete when counsel takes reasonable steps to delete all such ESI from the active email system (such as, but not limited to, the "Inbox," "Sent Items," and "Deleted Items" folders) of admitted counsel and of any personnel who received or sent emails with protected information while working under the direction and supervision of such counsel, and by deleting any protected ESI from databases under counsel's control.  Compliance with this paragraph does not require counsel to search for and remove ESI from any computer network back-up tapes, disaster recovery systems, or archival systems.  Each party may retain one copy of such documents, except when the retention of additional copies is required by federal law or regulation, provided those documents are properly marked and secured.  Nothing in this paragraph shall affect the Government's obligation to comply with applicable statutes/regulations related to the retention of records.

28.     This Protective Order shall survive and remain in full force and effect after termination of this action.

   **IT IS SO ORDERED.**

<u>s/ Margaret M. Sweeney</u>  
MARGARET M. SWEENEY  
Judge

**ATTACHMENT A**

# In the United States Court of Federal Claims

No. 13-456C

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| FAIRHOLME FUNDS, INC. et al., | \* |
| | \* |
| Plaintiffs, | \* |
| | \* |
| v. | \* |
| | \* |
| THE UNITED STATES, | \* |
| | \* |
| Defendant. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DECLARATION OF** _____

I hereby certify that I have carefully reviewed and am fully familiar with the provisions of the Protective Order dated_____, entered and filed of record in the above-captioned litigation ("Protective Order").

I certify that I am eligible to have access to Confidential Material, pursuant to paragraphs 4 and 7 of the Protective Order. As a condition precedent to my examination of any Protected Information pursuant to the Protective Order, or any information contained in said material, I hereby agree that the Protective Order and any amendments thereto shall be deemed directed to and shall bind me, and that I shall observe and comply with all provisions of the Protective Order.

_____
SIGNATURE

_____
NAME (PRINTED)

_____
BUSINESS ADDRESS

_____
CURRENT EMPLOYER

_____
CURRENT OCCUPATION OR JOB DESCRIPTION