No. 13-465C
(Judge Sweeney)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FAIRHOLME FUNDS, INC., *et al.,*

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

**DEFENDANT'S MOTION TO STAY PROCEEDINGS
PENDING APPEAL OF THE DISTRICT COURT'S
SEPTEMBER 30, 2014 DECISION IN *PERRY CAPITAL, LLC v. LEW ET AL.***

JOYCE R. BRANDA
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

KENNETH M. DINTZER
Acting Deputy Director

OF COUNSEL:

FRANKLIN E. WHITE, JR.
Assistant Director

PETER A. BIEGER
Assistant General Counsel

KATHERINE M. BRANDES
Attorney Advisor
Department of Treasury
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220

ELIZABETH M. HOSFORD
GREGG M. SCHWIND
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Telephone:  (202) 616-0385
Facsimile:   (202) 307-0972
kenneth.dintzer@usdoj.gov

October 28, 2014

Attorneys for Defendant

# TABLE OF CONTENTS

**PAGE(S)**

PROCEDURAL BACKGROUND.................................................................................................3

ARGUMENT .............................................................................................................................5

    I.      The Court Should Stay This Action Until The D.C. Circuit Decides
           Fairholme's Appeal..........................................................................................................5

           A.      The District Court Has Decided Issues That Preclude Further
                     Prosecution Of The *Fairholme* Complaint ....................................................6

           B.      The District Court Decision Is Persuasive Authority With
                     Respect To The Takings Claims Filed By Plaintiffs In This Court.............9

           C.      A Stay Will Prevent Duplicative Litigation, Inconsistent Decisions,
                     And Conserve Judicial And Party Resources ...........................................11

    II.     In the Alternative, The Court Should Enter A Temporary Stay Pending
           A Decision On The Preclusive Effect Of The District Court's Decision .............14

    CONCLUSION....................................................................................................................15

**TABLE OF AUTHORITIES**

**Cases**

**PAGE(S)**

*Acacia Villa v. United States,*
    24 Cl. Ct. 445 (1991) ............................................................................. 6

*Armstrong v. United States,*
    4 Cl. Ct. 269 (1984) ............................................................................ 13

*Aulston v. United States,*
    823 F.2d 510 (Fed. Cir. 1987) ........................................................... 12

*Berman v. Dep't of the Interior,*
    447 F. Appx. 186, 2011 WL 5304134 ............................................ 6, 12

*Brighton Vill. Associates v. United States,*
    52 F.3d 1056 (Fed. Cir. 1995) ........................................................... 12

*Cal. Hous. Sec., Inc. v. United States,*
    959 F.2d 955 (Fed. Cir. 1992) .................................................. 5, 10, 11

*Creppel v. United States,*
    41 F.3d 627 (Fed. Cir. 1994) ............................................................. 12

*Crosley Corp. v. Hazeltine Corp.,*
    122 F.2d 925 (3rd Cir. 1941) ........................................................ 11, 14

*Daniels v. United States,*
    947 F. Supp. 2d 11 (D.D.C. 2013) ...................................................... 5

*Far West Federal Bank, S.B. v. Director, Office of Thrift Supervision,*
    930 F.2d 883 (Fed. Cir. 1991) ........................................................... 11

*Golden Pac. Bancorp v. United States,*
    15 F.3d 1066 (Fed. Cir. 1994) .................................................. 5, 10, 11

*In re Prof'l Air Traffic Controllers Org.,*
    699 F.2d 539, 544 n. 18 (D.C. Cir. 1983) ...................................... 6, 12

*Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.,*
    458 F.3d 244 (3d Cir. 2006) ............................................................... 15

*Kellmer v. Raines,*
    674 F.3d 848 (D.C. Cir. 2012) ............................................................. 8

*Laguna Hermosa Corp. v. United States,*
   671 F.3d 1284 (Fed. Cir. 2012)......................................................................... 6

*New York Power Auth. v. United States,*
   42 Fed. Cl. 795 (1999) ................................................................................... 12

*Northrop Corp. v. United States,*
   27 Fed. Cl. 795 (1993) .............................................................................. 11, 13

*Oak Forest, Inc., et al. v. United States,*
   23 Cl. Ct. 90 (1991) ....................................................................................... 13

*Parklane Hosiery Co. v. Shore,*
   439 U.S. 322 (1979).........................................................................................15

*Penn Central Transp. Co. v. New York City,*
   438 U.S. 104 (1978).............................................................................. 5, 10, 11

*Pennsylvania R.R. Co. v. United States,*
   363 U.S. 202 (1960)........................................................................................12

*Perry Capital LLC et al. v. Lew et al.,*
   --- F., Supp. 3d ----, 2014 WL 4829559 (D.D.C. Sept. 30, 2014) ............................ passim

*Rice v. Dep't of Treasury,*
   998 F.2d 997 (Fed Cir. 1993).......................................................................... 6, 15

*Rogers v. Desiderio,*
   58 F.3d 299 (7th Cir. 1995) ................................................................. 6, 11, 13, 14

*Schott v. Dep't of Transp.,*
   229 Ct. Cl. 853 (1982) ...................................................................................... 8

*Traffic Controllers Org.,*
   699 F.2d 539 (D.C. Cir. 1983) ...................................................................... 6, 13

*Truckee-Carson Irrigation District v. United States,*
   223 Ct. Cl. 684 (1980) ......................................................................................12

*United States v. King,*
   395 U.S. 1 (1969)............................................................................................. 8

*United States v. Tohono O'Odham Nation,*
   131 S. Ct. 1723 (2011) .....................................................................................12

## PENDING COURT OF FEDERAL CLAIMS CASES

*American European Ins. Co. v. United States*, No. 13-496C (Fed. Cl.) ........................................ 3

*Arrowood Indemnity Co. et al. v. United States,* No. 13-698C (Fed. Cl.) .................................... 3

*Cacciapalle, et al. v. United States*, No. 13-466C (Fed. Cl.)........................................................ 3

*Dennis v. United States*, No. 13-542C (Fed. Cl.)............................................................................ 3

*Fairholme Funds, Inc., et al. v. United States*, No. 13-465C (Fed. Cl.) ........................................ 3

*Fisher, et al. v. United States*, No. 13-608C (Fed. Cl.)................................................................... 3

*Rafter, et al. v. United States*, No. 14-740C (Fed. Cl.) ................................................................. 3

*Reid, et al. v. United States,* No. 14-152C (Fed. Cl.)..................................................................... 3

*Washington Federal, et al. v. United States*, No. 13-385C (Fed. Cl.) ........................................... 3

## STATUTES

12 U.S.C. § 4617(b)(2)(A)(i) ......................................................................................................... 8

28 U.S.C. § 1346(a)(2)...................................................................................................................... 4

## MISCELLANEOUS

Restatement (Second) of Judgments § 16 cmt. b.................................................................... 6, 16

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FAIRHOLME FUNDS, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 13-465C |
| v. | ) | (Judge Sweeney) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO STAY PROCEEDINGS
## PENDING APPEAL OF THE DISTRICT COURT'S
## SEPTEMBER 30, 2014 DECISION IN *PERRY CAPITAL, LLC V. LEW ET AL.*

On September 30, 2014, U.S. District Court Judge Lamberth issued a memorandum opinion granting the motions to dismiss filed by the Department of the Treasury (Treasury) and the Federal Housing Finance Agency (FHFA) in a series of closely-related consolidated actions pending in the United States District Court for the District of Columbia (the "D.D.C. Actions"). *See Perry Capital LLC et al. v. Lew et al.*, --- F. Supp. 3d ----, 2014 WL 4829559 (D.D.C. Sept. 30, 2014) (Exhibit A), *consolidated appeals docketed*, No. 14-5243 (D.C. Cir. Oct. 8, 2014).  We ask this Court to stay these proceedings pending resolution of the appeals of that decision.

The district court's decision has immediate preclusive impact on dispositive issues pending before this Court.  Accordingly, in the absence of a stay pending resolution of the appeals, we would move for immediate dismissal of this case on the basis of preclusion.[1]  Given that appeals of the district court's decision are pending, however, the prudent course is for this Court to stay proceedings here, so that the Court may be guided by the D.C. Circuit's resolution

---

[1] Should the Court conclude that a stay of proceedings pending a final decision by the D.C. Circuit is not warranted at this time, the Court should stay proceedings to permit briefing on whether Fairholme's complaint in this Court is now precluded or otherwise fails as a matter of law on the grounds addressed by the court in the D.D.C. Actions.

of the issues that are common to the cases, including, but not limited to: (1) whether plaintiffs'

liquidation preference claims are ripe; and (2) whether plaintiffs have a right to dividends.

A stay is consistent with Federal Circuit precedent, which strongly disfavors duplicative

litigation.  In addition, plaintiffs will suffer no prejudice from a stay.  Plaintiffs cannot escape the

preclusive effect of Judge Lamberth's decision by raising identical issues in multiple fora.  A

stay will also spare the parties the significant burdens associated with ongoing discovery that

may be rendered moot by the resolution of the legal issues decided by Judge Lamberth.  The

Court also faces these burdens, particularly because plaintiffs are expected to seek depositions of

high-ranking current and former Government officials, which likely will result in motion

practice.  A final reason why a stay is appropriate is that, as this Court has recognized, the

subjects of discovery are very sensitive and present the risk of harming "United States financial

markets" should there be "inadvertent disclosure of sensitive material."  Order, ECF No. 101

(Oct. 15, 2014) at 2, 5 ("*Howard Order*").

The D.D.C. Actions, like the actions in this Court, involve legal challenges to the Third

Amendment to the Preferred Stock Purchase Agreements (PSPAs) executed by FHFA and

Treasury on August 17, 2012.  The D.D.C. Actions include the same plaintiffs as this case, and

the same plaintiffs in other closely related actions that have been filed in this Court (which are

stayed).  The D.D.C. Actions involve many of the same legal issues, including the core takings

claim at issue here and other issues that are dispositive of that claim.  In fact, Judge Lamberth

decided several legal defenses – each independently dispositive – that we raised in our motion to

dismiss in this case.  Among other things, the district court held that Fairholme's and other

plaintiffs' claims based upon the alleged loss of a liquidation preference are not ripe because the

Federal National Mortgage Association (Fannie Mae) and the Federal Home Loan Mortgage

Corporation (Freddie Mac) (collectively, the Enterprises) are not in liquidation.  *Perry Capital*, 2014 WL 4829559 at \*15-17.  Further, the district court held that plaintiffs failed to state a claim for loss of a liquidation preference or future dividends.  *Id.* at \*17-19 & n.24.  Fairholme's complaint in this Court alleges the very same loss of liquidation preference and dividends, and we have raised the same defenses regarding ripeness.  The district court's decision on these issues necessitates either separate, full briefing on the decision's immediate preclusive effect or – what the Federal Circuit has indicated is a prudent course – a stay of further proceedings during the pendency of plaintiffs' appeals.

## PROCEDURAL BACKGROUND

Shareholders of Fannie Mae and Freddie Mac filed ten related actions in this Court.[2]  All of these actions raise the same issue:  whether the Government effected a Fifth Amendment taking of private property for public use when Treasury and FHFA executed the Third Amendment to the PSPAs.

During the same time period, ten actions were filed in the United States District Court for the District of Columbia – also by Fannie Mae and Freddie Mac shareholders – challenging the Third Amendment based on various Administrative Procedure Act (APA), contract, and takings theories.[3]  Many of the plaintiffs that filed suits in this Court, including Fairholme, Arrowood,

---

[2] *Washington Federal, et al. v. United States*, No. 13-385C (Fed. Cl.); *Fairholme Funds, Inc., et al. v. United States*, No. 13-465C (Fed. Cl.); *Cacciapalle, et al. v. United States*, No. 13-466C (Fed. Cl.); *American European Ins. Co. v. United States*, No. 13-496C (Fed. Cl.); *Arrowood Indemnity Co. et al. v. United States*, No. 13-698C (Fed. Cl.); *Dennis v. United States*, No. 13-542C (Fed. Cl.); *Fisher, et al. v. United States*, No. 13-608C (Fed. Cl.); *Reid, et al. v. United States*, No. 14-152C (Fed. Cl.); and *Rafter, et al. v. United States*, No. 14-740C (Fed. Cl.).  *Cacciapalle*, *American European Insurance*, and *Dennis* have been consolidated and *Cacciapalle* has been designated as a putative class action.  Consolidation Order dated October 29, 2013, No. 13-466C, ECF No. 36.

[3] *Perry Capital, LLC v. Lew et al.*, No. 13-1025 (D.D.C.); *Fairholme Funds, Inc. et al. v. FHFA et al.*, No. 13-1035 (D.D.C.); *Arrowood Indemnity Co. v. Fannie Mae et al.,* No. 13-1439

American European Insurance Co., Cacciapalle, and Dennis, also filed complaints in the district court.  Seven of the D.D.C. Actions, which were ultimately consolidated into one putative class action, contained takings claims under the "Little Tucker Act," 28 U.S.C. § 1346(a)(2).  These claims are identical to the taking claims filed by Fairholme and other plaintiffs in this Court.

In his September 30 opinion, Judge Lamberth dismissed the D.D.C. Actions and held, *inter alia*, that plaintiffs failed to state a claim for a loss of dividends or a liquidation preference, *see Perry Capital*, 2014 WL 4829559 at *17-19; that plaintiffs' contract-based claims and takings claims based on liquidation preference rights are not ripe, *id*. at *15-17, *24; and that HERA bars plaintiffs' derivative claims, *id*. at *12-15.  In addition, Judge Lamberth held that the class plaintiffs' takings allegation – seeking relief for all persons and entities who held shares of Fannie Mae Preferred Stock, Fannie Mae common stock, Freddie Mac Preferred Stock, and/or Freddie Mac common stock as of the Third Amendment and who suffered less than $10,000 damages – was inadequate for jurisdiction under the Little Tucker Act because they did not clearly waive claims exceeding $10,000 in their complaint or other pleadings.  *Id*. at *20. Additionally, in considering whether to allow an amendment to the complaint, the district court concluded that amendment would be futile.  *Id.* at *20-22.  Relying upon Federal Circuit precedent, Judge Lamberth held that class plaintiffs could not plead a cognizable property interest because they purchased their shares with knowledge that Fannie Mae and Freddie Mac

---

(D.D.C.); *Liao v. Lew et al.*, No. 13-1094 (D.D.C.); *American European Ins. Co. v. FHFA et al.*, No. 13-1169 (D.D.C.); *Dennis v. FHFA et al.*, No. 13-1208 (D.D.C.); *Cacciapalle, et al. v. Fannie Mae et al.*, No. 13-1149 (D.D.C.); *Cane v. FHFA et al.*, No. 13-1184 (D.D.C.); *Borodkin v. Fannie Mae et al.*, No. 13-1443 (D.D.C.); and *Marneu Holdings Co. v. FHFA et al.*, No. 13-1421 (D.D.C.).   The *Liao*, *American European Insurance*, *Dennis*, *Cacciapalle*, *Cane*, *Borodkin*, and *Marneu* cases, each of which is a putative class action, were consolidated, and the putative class plaintiffs filed a consolidated complaint in an action assigned No. 13-mc-1288 by the district court.  An additional complaint was recently filed in D.D.C.; the defendants have not yet responded to that complaint.  *Rafter et al. v. Treasury et al.*, No. 14-1404 (D.D.C.).

could be placed into conservatorships. *Id.*[4]   Judge Lamberth also held that plaintiffs could not

satisfy the first two *Penn Central* factors to state a claim for a regulatory taking.  *Id.* at *22-24

(citing *Penn Central Transp. Co. v. New York City*, 438 U.S. 104, 124 (1978)).   Notices of

appeal from this comprehensive decision have been filed in each of the actions dismissed by

Judge Lamberth, including *Fairholme*.  *See* Notice of Appeal, ECF No. 59, *Fairholme Funds,*

*Inc., et al. v. FHFA, et al.*, No. 13-cv-1053 (D.D.C. Oct. 10, 2014).

## ARGUMENT

I.   **The Court Should Stay This Action Until The D.C. Circuit Decides Fairholme's**
    **Appeal**

There is considerable overlap between the D.D.C. Actions and the actions pending in this

Court.  To begin with, both sets of actions arise from the same transaction or occurrence, namely

the Third Amendment to the PSPAs.  In addition, there is considerable overlap between the

parties:  both sets of actions have been brought against the same defendants (FHFA and

Treasury) and by many of the same plaintiffs.  Notably, plaintiff Fairholme, in addition to

plaintiffs Cacciapalle and Arrowood, has filed actions in both D.D.C. and in this Court.   Further,

both sets of actions raise many of the same legal issues.

Due to this overlap, several of the district court's holdings in *Perry Capital* have

immediate preclusive effect on Fairholme's claims before this Court and much or all of the case

could be dismissed now, as we would demonstrate in briefing a subsequent motion to dismiss on

the basis of preclusion.  The Federal Circuit has advised, however, that while preclusion

---

[4] *See Perry Capital*, 2014 WL 4829559, at *21-22 (citing *Cal. Hous. Sec., Inc. v. United States*, 959 F.2d 955, 958 (Fed. Cir. 1992)); *Golden Pac. Bancorp v. United States*, 15 F.3d 1066, 1073 (Fed. Cir. 1994)).  Federal Circuit precedent regarding the Little Tucker Act is binding on the district court in this context, just as it is binding on this Court. *Daniels v. United States*, 947 F. Supp. 2d 11, 18 n.3 (D.D.C. 2013).

principles apply immediately upon entry of judgment, a stay pending appeal is a prudent course during the period while a court decision that has preclusive effect is on appeal. *Berman v. Dep't of the Interior*, 447 F. App'x 186, 195 (quoting *In re Prof'l Air Traffic Controllers Org.*, 699 F.2d 539, 544 n. 18 (D.C. Cir. 1983) (citing Restatement (Second) of Judgments § 16 cmt. b)). The Court should follow this guidance and enter a stay of all proceedings in this case pending the final resolution of the D.D.C. Actions. At the very least, the Court should temporarily stay proceedings and the continuing "jurisdictional discovery," which may be unnecessary, to permit the Court to rule on the preclusive effect of the district court's decision after full briefing.

   A.    The District Court Has Decided Issues That Preclude Further Prosecution Of The *Fairholme* Complaint

Collateral estoppel bars relitigation of an "issue . . . identical to one decided in the first action" when the "resolution of the issue was essential to a final judgment in the first action." *Laguna Hermosa Corp. v. United States*, 671 F.3d 1284, 1288 (Fed. Cir. 2012) (citations omitted); *see Rogers v. Desiderio*, 58 F.3d 299, 300 (7th Cir. 1995) ("[t]o discourage the tactic [of filing multiple duplicative suits], judges award plaintiffs not the better outcome but the first outcome: whichever suit goes to judgment first is dispositive, and the doctrine of claim preclusion (res judicata) requires the other court to dismiss the litigation"). The Federal Circuit has recognized that the pendency of an appeal has no effect on the finality or binding effect of a trial court's holding for purposes of collateral estoppel. *See Rice v Dep't of Treasury*, 998 F.2d 997, 999 (Fed Cir. 1993) (citations omitted); *see also Acacia Villa v. United States*, 24 Cl. Ct. 445 (1991).

At least two issues decided by the district court have preclusive effect on the outcome of this action. First, the district court held that shareholder claims alleging loss associated with a liquidation preference were not ripe for review. *Perry Capital*, 2014 WL 4829559 at *15-16.

This is critical because, like the district court plaintiffs (one of which is Fairholme), Fairholme here also claims that the Third Amendment deprived Fairholme the value of its opportunity for liquidation preferences in the future.  *See, e.g., Fairholme* Compl. ¶ 14, 78-79, 85.[5]  The district court held that shareholders have no present right to a liquidation preference because the Enterprises have not been placed in receiverships.  *Perry Capital*, 2014 WL 4829559 at *15-17. Simply stated, "liquidation preference claims are not fit for a judicial decision until liquidation occurs."  *Id.* at *16.

The district court expressly rejected plaintiffs' argument that FHFA's and Treasury's execution of the Third Amendment placed the Enterprises in "de facto" receivership and liquidation.  *Id.*  The court held that "[t]he question . . . cannot be whether the Third Amendment diminishes an *opportunity* for liquidation preferences at some point in the future, but rather whether the plaintiffs have suffered an injury to their right to a liquidation preference in fact and at present."  *Id.* (emphasis in original).  Noting that "[a] ripeness requirement prevents the Court from deciding a case 'contingent [on] future events that may not occur as anticipated, or indeed may not occur at all,'" the court concluded that "[g]iven that the plaintiffs maintain no current right to a liquidation preference while the GSEs are in conservatorship, the plaintiffs are no worse off today than they were before the Third Amendment."  *Id.* at 17 (citations omitted). Thus, the district court held that, because the Enterprises are not in liquidation, plaintiffs failed to state a claim for loss of a liquidation preference.  *Id.* at *17 ("there can be no loss of a liquidation preference prior to the time that such a preference can, contractually, be paid").

---

[5] *See also Washington Federal* Compl. ¶¶ 35-37, 160; *Cacciapalle* Compl. ¶¶ 78, 84; *Arrowood* Compl. ¶¶ 73, 79; *Rafter* Compl. ¶ 103.

The district court's holding that Fairholme's claims are unripe is dispositive here because plaintiffs' takings lawsuit presents the same issue: whether the Third Amendment diminished an opportunity for liquidation preferences in the future. *See, e.g.*, *Fairholme* Compl. ¶¶ 14, 36, 76-79, 85.[6]  In our motion to dismiss, we advanced the same legal argument accepted by Judge Lamberth: that plaintiffs' claims based on the loss of liquidation rights are not ripe. *See* Def. Mot. to Dismiss at 41 (ECF No. 20).  Collateral estoppel principles now preclude plaintiffs from arguing that their liquidation preference takings claims are ripe.  And the district court's acceptance of the Government's ripeness defense as a matter of law counsels strongly in favor of immediately staying proceedings pending resolution of the plaintiffs' appeals.[7]

Second, the district court held that shareholder plaintiffs alleging a loss of dividends failed to state a claim.  The court, "like many courts over the past two centuries," held that the plaintiffs failed to demonstrate a "present or absolute right to dividends [that] are subject to the

---

[6] *See also Washington Federal* Compl. ¶¶ 35-37, 160; *Cacciapalle* Compl. ¶¶ 78, 84; *Arrowood* Compl. ¶¶ 73, 79; *Rafter* Compl. ¶ 103.

[7] The district court's holding that the Enterprises are not in liquidation also precludes the *Fairholme* plaintiffs from arguing that their claims for a liquidation preference are claims for "actual, presently due money damages from the United States."  Pursuant to the Tucker Act, only claims for "actual, presently due money damages from the United States" are within the subject matter jurisdiction of the Court of Federal Claims. *See Schott v. Dep't of Transp.*, 229 Ct. Cl. 853, 854 (1982) (quoting *United States v. King*, 395 U.S. 1, 3 (1969)).  As we explained in our Motion for a Protective Order, liquidation preferences are not "presently due" because they are payable only in liquidation, whereas the Enterprises "are not currently being liquidated."  Def. Mot. for Protective Order at 6, ECF No. 49.

Moreover, the district court held that HERA, 12 U.S.C. § 4617(b)(2)(A)(i), barred shareholder derivative claims against FHFA and Treasury because the statute transfers all shareholder rights to FHFA, including the ability to bring derivative suits. *Perry Capital,* 2014 WL 4829559 at *12-15 (citing *Kellmer v. Raines*, 674 F.3d 848, 850 (D.C. Cir. 2012)).  Thus, if the Court agrees that the *Fairholme* complaint must be treated as a derivative complaint, then the district court's ruling on this issue would have collateral estoppel effect on the *Fairholme* complaint, as well. *See id.* at *12-13, n.24 (explaining that the *Fairholme* district court claim is partially derivative in nature, although not styled a derivative suit).

discretion of the board." *Perry Capital*, 2014 WL 4829559 at *18-19. That holding precludes

plaintiffs' claim asserting in this Court a loss of dividends. *See Fairholme* Compl. ¶¶ 83-84.[8]

> B.   The District Court Decision Is Persuasive Authority With Respect To The
>      Takings Claims Filed By Plaintiffs In This Court

A stay is separately warranted because the district court's resolution of the takings claims

is persuasive authority with respect to the takings claims filed in this Court. The district court

resolved the same takings claim that is at issue in this case on a compelling and persuasive legal

basis, and without discovery. It would, at a minimum, be highly unusual to press forward with

burdensome and potentially market-disruptive discovery in this Court without resolving whether

plaintiffs can state a claim in light of another Federal court's identification of clear and

dispositive legal flaws in the exact legal claim presented here.

The district court held that the class plaintiffs' pleading of a takings claim was inadequate

for jurisdiction under the Little Tucker Act. *Perry Capital*, 2014 WL 4829559 at *20. The court

then went on to consider whether amendment of the complaint would be futile, given that

plaintiffs had limited their takings claim to those who "suffered less than $10,000 damages" and

---

[8] *See also Cacciapalle* Compl. ¶¶ 78-84; *Arrowood* Compl. ¶¶ 73-80. In the absence of a stay pending resolution of plaintiffs' appeals, the Court will also need to consider, in the context of full briefing on the preclusion issues, the preclusive impact of the district court opinion as to two other allegations central to Fairholme's complaint in this Court. First, Judge Lamberth held unequivocally that FHFA acted within its statutory authority under HERA when it entered into the Third Amendment. *Perry Capital*, 2014 WL 4829559 at *9. Fairholme alleges the opposite in its complaint, *i.e.*, that FHFA failed to act as conservator when entering into the Third Amendment. *See Fairholme* Compl. ¶¶ 11, 64, 72-73 ("The Government's unilateral imposition of the Net Worth Sweep pursuant to FHFA's authority as conservator of Fannie and Freddie can in no conceivable respect be fairly characterized as 'conserving' the Companies' assets or property."). Second, in reaching this finding, the district court also held that FHFA's motivations in entering into the Third Amendment are irrelevant to whether FHFA acted within its authority under HERA. *Perry Capital*, 2014 WL 4829559 at *9-10. This is significant because Fairholme's complaint relies on allegations that the Government had improper motivations in executing the Third Amendment. *See Fairholme* Compl. ¶¶ 10-11, 63-64, 68, 73, 80, and 83.

explained that they would consider "waiver . . . [at] the class certification phase." *Id*. The district court concluded that allowing plaintiffs to amend their complaint would be futile given that plaintiffs failed to plead a cognizable property interest. Relying on Federal Circuit precedent, the court held, as a matter of law, that plaintiffs lack a cognizable property interest for purposes of the Takings Clause because they purchased their shares with the knowledge that the Enterprises could be placed into conservatorship. *Id*. at *21 (citing *Cal. Hous. Sec., Inc. v. United States*, 959 F.2d 955, 958 (Fed. Cir. 1992); *Golden Pac. Bancorp v. United States*, 15 F.3d 1066, 1073 (Fed. Cir. 1994)). In other words, because the statutory regimes governing the Enterprises have long included the possibility of conservatorship, the shareholders "lacked the requisite property interests to support a takings claim." *Perry Capital*, 2014 WL 4829559 at *21. The "existing regulatory structure permit[ted] the appointment of a conservator" and the shareholders possessed no "'right to exclude the government from its property at those times when the government could legally impose a conservatorship.'" *Id*. (quoting *Golden Pac.*, 15 F.3d at 1073).

The district court also held that the class plaintiffs failed to plead a regulatory taking because they could not satisfy two of the three prongs of the Supreme Court's *Penn Central* test for establishing such a taking. *Id*. at *23-24 (citing *Penn Central*, 438 U.S. at 124). First, the shareholders could not establish that the Third Amendment had any present economic impact on their dividend or liquidation rights. *Id*. at *23. Further, the court held, relying upon Federal Circuit precedent, that the plaintiffs could not demonstrate interference with reasonable investment-backed expectations because they lack the exclusive right to their stock certificates when the Enterprises are in conservatorship. *Id*. (citing *Cal. Hous*. 959 F.2d at 958; *Golden Pac*., 15 F.3d at 1073). Finally, the court explained that, for the reasons discussed with respect

10

to plaintiffs' contract claims, the claims of an unconstitutional taking of liquidation rights were not ripe. *Id*. at *24. Because the takings claim asserted by the class plaintiffs in the district court is *identical* to the claim advanced by all of the plaintiffs in the cases before this Court, and because the district court dismissed the claim as a matter of law, it is appropriate to stay this matter to allow full consideration of the impact of the district court ruling after appeals from that ruling are resolved.

C.      A Stay Will Prevent Duplicative Litigation, Inconsistent Decisions,
        And Conserve Judicial And Party Resources

Staying proceedings would be consistent with the practice approved by the Federal Circuit and other Federal courts. *Far West Fed. Bank, S.B. v. Director, Office of Thrift Supervision*, 930 F.2d 883, 891 (Fed. Cir. 1991); *Rogers v. Desiderio*, 58 F.3d 299, 300 (7th Cir. 1995); *Crosley Corp. v. Hazeltine Corp*., 122 F.2d 925, 930 (3rd Cir. 1941). Several principles underlie this practice.

First, "[t]he economic waste involved" in duplicative litigation in multiple fora "is obvious. Equally important is its adverse effect upon the prompt and efficient administration of justice. In view of the constant increase in judicial business in the federal courts . . . public policy requires us to seek actively to avoid the waste of judicial time and energy." *Crosley*, 122 F.2d at 930. Accordingly, courts have discretion to enter a stay pending the outcome of a proceeding in another tribunal that bears upon the case. *See*, *e.g*., *Northrop Corp. v. United States*, 27 Fed. Cl. 795, 802 (1993) (granting a stay because "judicial economy demands resolution of the district court action prior to continuance of efforts toward resolution of the instant proceeding"); *Truckee-Carson Irrigation Dist. v. United States*, 223 Ct. Cl. 684 (1980) (granting stay in case seeking monetary redress pending outcome of separate litigation seeking

11

injunctive and declaratory relief filed by plaintiff). These pragmatic principles strongly militate in favor of a stay here.

It is "common practice" to stay suits filed in the Court of Federal Claims while companion district court actions proceed, particularly if the district court has reached conclusions that will affect the resolution of the Court of Federal Claims case. *See United States v. Tohono O'Odham Nation*, 131 S. Ct. 1723, 1739-40 (2011) (Ginsburg, J., dissenting); *Pa. R.R. Co. v. United States*, 363 U.S. 202, 206 (1960); *Brighton Vill. Assocs. v. United States*, 52 F.3d 1056, 1060 (Fed. Cir. 1995). The Federal Circuit has recognized the propriety of a stay in a takings action pending completion of a related APA action. *Creppel v. United States*, 41 F.3d 627, 633 (Fed. Cir. 1994) ("the Court of Federal Claims may stay a takings action pending completion of a related action in a district court") (citations omitted); *see also Aulston v. United States*, 823 F.2d 510, 514 (Fed. Cir. 1987). This principle has even more force here, given that the district court has reached a final decision that has been appealed to the D.C. Circuit.

Second, a stay is particularly appropriate where, as here, there are overlapping claims and issues between cases that create the possibility of preclusion. As we have explained, preclusion requires dismissal in cases, like this one, where the same issues are resolved in another suit involving the same parties. Further, the Federal Circuit has recognized that it is "well-advised" for a court facing possible preclusion on one or more claims or issues "to stay its own proceedings to await the ultimate disposition of the [trial court] judgment on appeal." *Berman*, 447 F. App'x at 195 (quoting *In re Prof'l Air Traffic Controllers Org.*, 699 F.2d 539, 544 n. 18 (D.C. Cir. 1983) (citing Restatement (Second) of Judgments § [16] cmt. b)); *see New York Power Auth. v. United States*, 42 Fed. Cl. 795, 802 (1999) ("Where two claims based on the same operative facts are filed in two courts, the court with the narrower claim should stay its case

in favor of the court with the broader claim.") (citations omitted); *Rogers*, 58 F.3d at 302 ("a stay rather than immediate decision is the prudent course" in case presenting possible preclusion issue).

Third, in addition to addressing possible preclusive effects, a stay pending appeal will eliminate the possibility of conflicting decisions. Numerous courts have entered stays pending the outcome of proceedings in other fora based in part on the potential for conflicting decisions. *See*, *e.g.*, *Northrop Corp.*, 27 Fed. Cl. at 802; *Oak Forest, Inc., et al. v. United States*, 23 Cl. Ct. 90, 98 (1991); *Armstrong v. United States*, 4 Cl. Ct. 269, 271 (1984). The Court should do the same here. Now that the district court has issued a final decision, the appeals of that decision may well provide a definitive resolution of certain of the dispositive legal defenses raised in this case.

Fourth, a stay is appropriate where it will conserve resources. *See Rogers*, 58 F.3d at 300 ("Multiplication [of lawsuits] imposes needless costs on one's adversary, on the judicial system, and on other litigants, who must endure a longer queue."). The parties are currently engaged in sensitive, costly, and time-consuming discovery that may be moot when the appeals of the district court decision are concluded. Plaintiffs have requested documents from various high-ranking current and former Government officials, including former Secretaries of the Treasury Henry Paulson and Timothy Geithner, former Treasury Under Secretary for Domestic Finance Mary Miller, and former FHFA Director Edward DeMarco. It is certain that plaintiffs will seek to depose some of these individuals. Plaintiffs have also indicated their intent to depose current FHFA Director Mel Watt. Judicial economy, as well as the parties' resources, are best served by a stay of proceedings until the appeals of the D.D.C. Actions have concluded. The need to conduct this discovery—and resolve any related motions—may be eliminated by the preclusive

13

effect or persuasive authority of an appellate court decision.[9]  Such a "waste of . . . time and energy," *Crosley*, 122 F.2d at 930, cannot be justified.

Finally, Fairholme will suffer no prejudice if these proceedings are stayed pending the resolution of its district court action.  Fairholme should await resolution of its appeal addressing the very issues it has raised in this Court before the United States is required to respond to onerous discovery, and before this Court is required to address the motions and questions that discovery will generate and that that may prove to be unnecessary.  *See Rogers*, 58 F.3d at 301 ("Plaintiffs themselves, by choosing to file two suits, supplied strong reason for a stay.").  Should the final resolution of its appeal not preclude some claims, Fairholme can resume discovery without having been prejudiced by postponing that process until the conclusion of the district court litigation raising identical legal issues that they themselves commenced.

II.     In the Alternative, The Court Should Enter A Temporary Stay Pending A Decision On The Preclusive Effect Of The District Court's Decision

Should the Court conclude that a stay pending resolution of the D.C. Circuit appeals is not warranted, then we respectfully request that the Court temporarily stay proceedings to permit full briefing on the separate motion to dismiss we would file based on Judge Lamberth's decision and its preclusive effects.  The district court's resolution of identical claims as matter of law militates in favor of, at the very least, temporarily halting discovery to consider the exact same dispositive legal issues here.  The preclusion issues will be ready for decision after full briefing:

---

[9] A stay of jurisdictional discovery is further warranted because of the sensitive nature of the information responsive to plaintiffs' discovery requests and their potential effect on the United States financial markets.  As this court has acknowledged, "serious injury could flow from the intentional or inadvertent disclosure of the sensitive material that is the subject of the protective order."  *Howard Order* at 2.  It is unnecessarily risky to continue to engage in document production and discovery that could prove to be moot.

the Federal Circuit has recognized that the pendency of an appeal has no effect on the finality or binding effect of a trial court's holding.  *Rice*, 998 F.2d at 999.

Issue preclusion has the dual purpose of "protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation."  *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 253 (3d Cir. 2006) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)). Therefore, if the Court does not enter a stay pending resolution of the appeals of Judge Lamberth's decision, the Court should stay proceedings for the purposes of making the threshold determination of whether Fairholme's claims are now precluded.

## CONCLUSION

For these reasons, the Court should stay all proceedings in this case pending disposition of the appeals from the district court's decision.  Should the Court conclude that a stay of proceedings pending a final decision by the D.C. Circuit is not warranted at this time, the Court should stay discovery to permit full briefing and rule on whether Fairholme's complaint in this Court is now precluded.

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

s/ Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, Jr.
Director

OF COUNSEL:                              s/ Kenneth M. Dintzer
                                         KENNETH M. DINTZER
PETER A. BIEGER                          Acting Deputy Director
Assistant General Counsel
                                         FRANKLIN E. WHITE, JR.
                                         Assistant Director

KATHERINE M. BRANDES                     ELIZABETH M. HOSFORD
Attorney Advisor                         GREGG M. SCHWIND
Department of the Treasury               Senior Trial Counsel
1500 Pennsylvania Avenue, N.W.           Commercial Litigation Branch
Washington, D.C. 20220                   Civil Division
                                         Department of Justice
                                         P.O. Box 480
                                         Ben Franklin Station
                                         Washington, D.C. 20044
                                         (202) 616-0385
                                         (202) 307-0972 fax
                                         kenneth.dintzer@usdoj.gov

October 28, 2014                         Attorneys for Defendant