IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FAIRHOLME FUNDS, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 13-465C |
| v. | ) | (Judge Sweeney) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully requests that the Court dismiss the claims of plaintiffs Fairholme Funds, Inc., the Fairholme Fund (collectively the Fairholme hedge funds), and all other plaintiffs who did not own shares in Fannie Mae or Freddie Mac (the Enterprises)[1] on August 17, 2012, the date of the alleged Fifth Amendment taking in this case.  These plaintiffs lack Article III standing to maintain their takings claim because they did not own the property alleged to have been taken until many months after the alleged taking occurred.

## INTRODUCTION AND BACKGROUND

In this case, Fairholme alleges that the August 17, 2012 amendment (known as the Third Amendment) to financing agreements between the Federal Housing Finance Agency (FHFA) and the Department of the Treasury (Treasury) effected a taking of Fairholme's rights as shareholders in Fannie Mae and Freddie Mac.  *See*, *e.g.*, Compl. ¶¶ 11, 14, 63, 72, 79, 83, 86.  In its complaint, however, Fairholme omits the key fact that the Fairholme hedge funds and several other opportunistic plaintiffs were not even shareholders in the Enterprises on the date of the

---

[1] Fannie Mae and Freddie Mac are the Federal National Mortgage Association and the Federal Home Loan Mortgage Corporation.

alleged taking; rather, these plaintiffs purchased their shares in the Enterprises between May and October *2013*, long after the purported taking. This undisputed fact, admitted in plaintiffs' interrogatory responses, is fatal to the ability of these plaintiffs to maintain their suit.

FHFA placed Fannie Mae and Freddie Mac into conservatorships in September 2008 and, acting as conservator, entered into agreements with Treasury to make hundreds of billions of dollars available to save the Enterprises. To maintain their solvency, the Enterprises requested and received $187 billion in taxpayer dollars from Treasury between 2008 and 2012. *Id*. at ¶ 7. On August 17, 2012, FHFA and Treasury entered into the Third Amendment to the agreements. *Id*. at ¶ 64. The Third Amendment, among other things, modified the terms of the dividend Treasury receives on its investment in the Enterprises. *Id*.

According to the complaint, the Third Amendment's modified dividend provision "expropriated" plaintiffs' property interest in its in Fannie Mae and Freddie Mac stock. Compl. ¶ 63.[2] That contention is squarely at odds with the Fairholme hedge funds' and other plaintiffs' admissions, in a May 7, 2014 response to a Government interrogatory, that they purchased all of their stock in the Enterprises between May 2013 and October 2013, over eight months *after* the alleged August 17, 2012 taking. Exhibits A and B. Because these plaintiffs did not possess any shares or shareholder rights at the time of the alleged taking, they lack standing to maintain suit, and the Court should dismiss their claims as a matter of law.[3]

---

[2] *See also* Compl. ¶ 17 (August 2012 amendment "expropriate[d] the value of Fairholme's Preferred Stock"); ¶ 34 (identifying Fairholme's property as Preferred Stock issued by the Companies); ¶ 79 ("imposition of the Net Worth Sweep deprived Plaintiffs of their vested property rights by . . . expropriating . . . the entire preferred stockholders' equity in Fannie and Freddie"); ¶ 83 (the August 2012 modification "effectively confiscate[d] the Preferred Stock held by the Plaintiffs").

[3] Based on plaintiffs' responses to the Government's interrogatory, this motion relates to all plaintiffs except Berkley Insurance Company.

## ARGUMENT

"Standing is a threshold jurisdictional issue that implicates Article III of the Constitution." *Hoopa Valley Tribe v. United States*, 597 F.3d 1278, 1283 (Fed. Cir. 2010); *First Annapolis Bancorp, Inc. v. United States*, 644 F.3d 1367, 1373 (Fed. Cir. 2011); *S. Cal. Fed. Sav. & Loan Ass'n v. United States*, 422 F.3d 1319, 1328 (Fed. Cir. 2005); *see also Allen v. Wright*, 468 U.S. 737, 750 (1984) (describing standing as the "most important" of Article III's jurisdictional doctrines). "Because Article III standing implicates the court's constitutional authority to adjudicate disputes, it can be neither waived nor assumed . . . ." *Willis v. Gov't Accountability Office*, 448 F.3d 1341, 1343-44 (Fed. Cir. 2006) (citations omitted). A party invoking Federal jurisdiction must establish standing by showing that it has suffered a concrete and particularized "injury in fact" that is "actual or imminent, not conjectural or hypothetical," and fairly traceable to the defendant's challenged conduct. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

To establish standing, plaintiffs bear the burden to establish, among other things, ownership of the property at issue at the time of the alleged taking. *See Maniere v. United States*, 31 Fed. Cl. 410, 420 (1994) ("plaintiff must demonstrate ownership of the property at the time of the taking"). "It is well established that 'only persons with a valid property interest at the time of the taking are entitled to compensation.'" *CRV Enters., Inc. v. United States*, 626 F.3d 1241, 1249 (Fed. Cir. 2010) (quoting *Wyatt v. United States*, 271 F.3d 1090, 1096 (Fed. Cir. 2001)); *United States v. Dow,* 357 U.S. 17, 20 (1958). Conversely, "owners who acquired their property interests subsequent to the time of the taking are not entitled to compensation from the government." *Banks v. United States*, 88 Fed. Cl. 665, 674 (2009). Indeed, this Court held in

*Maniere*, 31 Fed. Cl. at 420, that purchasers of stock after the date of the alleged taking lack standing to bring a takings claim. *See also Textainer Equip. Mgmt. Ltd. v. United States*, No. 08-610C, 2014 WL 1603736, *5 (Fed. Cl. Apr. 22, 2014) ("[O]ne party cannot simply step into the shoes of another when seeking just compensation for property belonging to another on the date of the taking.").

The property at issue in this case is shares of Fannie Mae and Freddie Mac stock owned by plaintiffs, and the alleged rights plaintiffs possess as shareholders. Compl. ¶¶ 76-79. The Fairholme hedge funds and other plaintiffs allege that the Government took their shares and shareholder rights on August 17, 2012, when Treasury and FHFA entered into the Third Amendment. Compl. ¶¶ 6, 10, 17, 63, 83. These plaintiffs, however, have admitted in responses to a Government interrogatory, that they did not own any shares in the Enterprises until May 2013 – more than eight months *after* the execution of the Third Amendment. Exhibits A and B. The Fairholme hedge funds, for example, acquired all of their shares between May and October 2013. *Id.* It is undeniable that the Fairholme hedge funds and other plaintiffs possessed no shareholder rights (or any other conceivable property interest in the Enterprises) before they became shareholders. Consequently, these plaintiffs' takings claims cannot succeed as a matter of law.

The Government could not have taken property from the hedge funds and other plaintiffs more than eight months *before* these plaintiffs purchased the property allegedly taken. Thus, these plaintiffs, like the *Maniere* plaintiffs who purchased stock after the date of the alleged taking of the stock, lack standing to sue, and the Court must dismiss their claims from this case.

## **CONCLUSION**

For the reasons described above, we respectfully request that the Court dismiss the Fairholme hedge funds, along with all other plaintiffs who did not own stock in Fannie Mae or Freddie Mac on the date of the Third Amendment, from this case.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

s/ Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, JR.
Director

OF COUNSEL:

s/ Kenneth M. Dintzer
PETER A. BIEGER
KENNETH M. DINTZER
Assistant General Counsel
Deputy Director
Commercial Litigation Branch
KATHERINE M. BRANDES
Civil Division
Attorney-Advisor
U.S. Department of Justice
Department of the Treasury
P.O. Box 480
1500 Pennsylvania Avenue, N.W.
Ben Franklin Station
Washington, D.C. 20220
Washington, D.C. 20044
(202) 616-0385
(202) 307-0972 fax
kenneth.dintzer@usdoj.gov

June 8, 2015                                    Attorneys for Defendant