## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| FAIRHOLME FUNDS, INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 13-465C |
| v. ) | (Judge Sweeney) |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFFS' MOTION TO STAY BRIEFING ON DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS

### INTRODUCTION

While purportedly working furiously to complete discovery, the Government has now abruptly brought forward a supplemental motion to dismiss challenging the standing of the Fairholme Plaintiffs and "all other plaintiffs who did not own shares of Fannie Mae or Freddie Mac (the Enterprises) on August 17, 2012, the date of the alleged Fifth Amendment taking in this case." It is mystifying why the Government has decided to raise this issue now. Indeed, the Government does not dispute that at least one Plaintiff, Berkley Insurance Company, owned stock in Fannie and Freddie when the Net Worth Sweep was adopted and therefore has standing even under the Government's view. Accordingly, even if the supplemental motion were granted (and, as noted below, it should not be), this Court's subject matter jurisdiction would remain untouched and the case would proceed to a decision on the merits. Perhaps that is why the Government, although it has known the dates on which the Plaintiffs acquired their stock in Fannie and Freddie *for over a year,* has had no reason to file its supplemental motion until now. But there is still simply no reason for this motion to be adjudicated now, and there are ample reasons, including

1

judicial economy, why the Court should defer briefing and decision on the motion until it adjudicates the Government's principal motion to dismiss. The Court ought not permit the Government to distract the Court's and the parties' attention from discovery with its ill-timed and ill-conceived motion.[1]

## ARGUMENT

"[T]he presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement." *Rumsfeld v. Forum for Academic & Inst. Rights, Inc.*, 547 U.S. 47, 52 n.2 (2006); *see also Bowsher v. Synar*, 478 U.S. 714, 721 (1986). The Government's supplemental motion does not dispute that Berkley Insurance Company has standing. Gov't Supplemental Mot. to Dismiss at 2 n.3 (June 8, 2015), Doc. 161 ("Gov't Supp. MTD"). It is clear, therefore, that none of the Government's arguments affect this Court's subject matter jurisdiction, and this Court "need not consider the standing issue as to the [challenged Plaintiffs]" at this time. *Bowsher*, 478 U.S. at 721.

Indeed, the Government provides no reason why it has decided, out of the blue, to file its standing motion now, based on facts that have been known to the Government for *over a year*. *See* Gov't Supp. MTD 2 (describing "plaintiffs' admissions[ ] in a *May 7, 2014* response to a Government interrogatory" (emphasis added)). When it filed its motion for a protective order more than a year ago, the Government specifically noted the facts giving rise to its current motion. *See* Gov't Mot. for a Protective Order at 17 n.6 (May 30, 2014), Doc. 49. Yet, only now, with the parties consumed by discovery, has the Government come forward. The Government had no problem deferring this issue until now, and there is no reason it cannot be deferred until

---

[1] Plaintiffs requested that the Government consent to this motion, but counsel for the Government refused.

after discovery is completed and the parties and the Court turn their attention to resolving all of the Government's jurisdictional arguments

Moreover, adjudicating the Government's supplemental motion now would be senseless. Because the Government's motion does not apply to all of the Plaintiffs, it does not implicate this Court's subject matter jurisdiction, and the case will continue to a decision on the merits even if the Government prevails on its motion. Perhaps for that reason, the Government's motion does not request a stay of discovery. This Court will have to address all of the Government's jurisdictional arguments at the close of discovery, including its dispositive arguments that, if granted (in error, we respectfully submit), would require dismissal of the entire case rather than merely some of the Plaintiffs, thus obviating any need to reach the standing issue at all. Obviously, there is nothing to be gained by ruling on the Government's nondispositive standing motion in isolation now. *See generally* Ruling on Def.'s Mot. to Stay Briefing Concerning Pl.'s Mot. for Partial Summ. J., *Stocum v. United States*, No. 07-003C (Fed. Cl. Dec. 22, 2008), ECF No. 39 (granting motion to stay briefing on the basis of efficiency).[2] Indeed, it is passing strange that the Government seeks a decision on its nondispositive standing motion now, rather than reserving the issue for decision until after its other, dispositive jurisdictional arguments have been resolved against it. But it would be stranger still for this Court to take the issue up for decision now.

Not surprisingly, this Court has twice rejected the piecemeal approach to this litigation that the Government again proposes. When Plaintiffs first moved for discovery, the Government

---

[2] Notably, on several occasions the Government has sought (at times successfully) to put off completing some of its discovery tasks by pointing to how busy it has been responding to Plaintiffs' discovery requests. It is puzzling that the Government nevertheless found time, in the midst of discovery, to prepare and file a motion that has nothing at all to do with the ongoing discovery.

asserted that at least some of its arguments did not implicate the Government's disputed characterizations of the facts. *See, e.g.*, Gov't Opp. to Pls.' Mot. for Disc. at 2, 13–15 (Feb. 12, 2014), Doc. 30. In response, Plaintiffs argued that "the Court need not and ought not halt progress in this case to pluck out of the motion to dismiss peripheral legal issues for briefing and resolution in isolation." Pls.' Reply to Gov't Opp. to Pls.' Mot. for Disc. at 2 (Feb. 24, 2014), Doc. 31. This Court agreed with Plaintiffs, rejected the Government's approach, and ordered discovery. Last October, the Government again proposed that the Court slice off a portion of the parties' dispute and stay discovery pending a ruling on the Government's issue preclusion arguments. Gov't Mot. to Stay Proceedings at 14–15 (Oct. 28, 2014), Doc. 103. The Court refused to do so. *See* Status Conference Tr. at 33:10 (Jan. 28, 2015) ("[T]he stay request will be denied."). Because there is no possibility that a ruling on the Government's supplemental motion would affect the need for discovery and judicial resolution of the issues raised in the Government's first motion to dismiss, there is no reason for the Court to reconsider its approach.

Deferring consideration of the Government's supplemental motion will also permit a more orderly presentation of the issues. After discovery closes, Plaintiffs intend to move for leave to amend their complaint and include facts gleaned from discovery. Presumably, the Government could then file an amended principal motion to dismiss and raise any potential standing arguments, and the parties would be able to brief all issues raised in such a comprehensive motion with the benefit of a complete record. Staying further action on the Government's supplemental motion, then, would ultimately help this Court adjudicate the motion with a fuller understanding of the relevant facts.

Moreover, and relatedly, the Government's supplemental motion cannot be hermetically

sealed off from other issues on which Plaintiffs are currently taking discovery. The Government's standing argument, by its terms, depends on the conclusion that any taking has *already* happened. *See* Gov't Supp. MTD 1. But the Government also has asserted that any potential taking resulting from the Net Worth Sweep *has not happened yet*: "defendant argues that plaintiffs' claims are not ripe for review because: 1) future profitability is unknown, and 2) both Fannie and Freddie are still in conservatorship." Discovery Order at 3 (Feb. 26, 2014), Doc. 32 (citing Gov't Mot. to Dismiss at 39–41 (Dec. 9, 2013), Doc 20). Indeed, this Court granted discovery into these very issues, *id.*, and that inquiry remains ongoing. Resolution of the Government's motion at this stage would, therefore, be premature.

Finally, the Government's perfunctory two-page argument in support of its standing motion gives the false impression that the issue is an easy one. It is not. In *Palazzolo v. Rhode Island*, the Supreme Court held that a takings claim was "not barred by the mere fact that title was acquired after the effective date of the state-imposed restriction." 533 U.S. 606, 630 (2001). This Court subsequently relied upon *Palazzolo* in holding that a party had standing to challenge a regulatory taking even when the regulation went into effect and the taking commenced before the party acquired the property. *See Bailey v. United States*, 78 Fed. Cl. 239, 272–75 (2007); *see also Bailey v. United States*, 116 Fed. Cl. 310, 317 (2014) (distinguishing *CRV Enters., Inc. v. United States*, 626 F.3d 1241, 1250 (Fed. Cir. 2010)). The Government's supplemental motion completely ignores these precedents, and a host of other considerations, and when this Court adjudicates the motion, we are confident that it will conclude that we have the better of it on the merits. But for the reasons described above, the Court should defer consideration of the motion at this time.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court enter an order staying all briefing on the Government's Supplemental Motion to Dismiss, Doc. 161, until the Court lifts its stay on the Government's principal Motion to Dismiss, Doc. 20.

Date: June 17, 2015

Respectfully submitted,

s/ Charles J. Cooper
Charles J. Cooper
*Counsel of Record*
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
ccooper@cooperkirk.com

*Of counsel*:
Vincent J. Colatriano
David H. Thompson
Peter A. Patterson
Brian W. Barnes
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served upon all counsel of record on this 17th day of June, 2015, via the Court's Electronic Case Filing system.

<div style="text-align: right;">

s/ Charles J. Cooper
Charles J. Cooper

</div>