# In the United States Court of Federal Claims

No. 13-465C
(Filed Under Seal: November 10, 2015)
(Reissued for Publication: November 17, 2015)[1]

*************************************
FAIRHOLME FUNDS, INC. et al.,  *
                                            *
              Plaintiffs,        *      Motion to Quash; RCFC 26(b)(2);
                                            *      RCFC 45(c)(3)(A); Non-Party
    v.                                    *
                                            *
                                            *
THE UNITED STATES,           *
                                            *
             Defendant.      *
*************************************

## ORDER

        Non-party Federal National Mortgage Association ("Fannie Mae") and Mr. Egbert Perry, the Chairman of Fannie Mae's Board of Directors, move pursuant to Rules 26(b)(2) and 45(c)(3)(A) of the Rules of the United States Court of Federal Claims to quash plaintiffs' subpoena to depose Mr. Perry in this case. The motion is fully briefed, and the court deems oral argument unnecessary.

        Fannie Mae and Mr. Perry contend that this court's jurisdictional discovery order did not contemplate the type of third-party discovery that plaintiffs now seek. Further, Fannie Mae and Mr. Perry argue that based upon the discovery conducted thus far, deposing Mr. Perry is unnecessary and unduly burdensome. The court rejects the arguments raised by Fannie Mae and Mr. Perry ("non-parties") in support of their motion to quash for the reasons set forth below.

        The scope of the court's jurisdictional discovery order is not as narrow as the non-parties suggest. To the contrary, the court permitted discovery in this case to ensure that plaintiffs would have every opportunity to meet the jurisdictional challenges advanced by the United States. The court will not constrain plaintiffs from pursuing appropriate discovery. This discovery includes deposing individuals possessing knowledge of facts surrounding the Third Amendment to the preferred stock purchase agreements between the Federal Housing Finance Agency ("FHFA") and the United States Department of the Treasury, which were entered into after the FHFA placed Fannie Mae and the Federal Home Loan Mortgage Corporation ("Freddie Mac") into conservatorship.

---

[1] The court provided the parties with an opportunity to suggest redactions to this ruling, but in a November 17, 2015 joint status report, they indicated that no redactions were necessary.

The nonparties also assert that Susan McFarland, one of Fannie Mae's former chief financial officers, has already been deposed; consequently, they contend that Mr. Perry should not be subjected to a similar deposition, because his deposition testimony would merely be cumulative. This argument is not persuasive. The non-parties are not aware of the precise testimony that would be obtained during Mr. Perry's deposition, and the court will not accept their assertion that it would be cumulative merely at face value. Ms. McFarland and Mr. Perry held different positions and carried out different functions at Fannie Mae. Ms. McFarland previously served as a chief financial officer, whereas Mr. Perry is the Chairman of Fannie Mae's Board of Directors. High-ranking officials within an agency, corporation, or other institution are not fungible, and neither is their testimony at deposition. Moreover, counsel for Mr. Perry cannot know the precise nature of the questions that would be posed to their client to permit them to conclude that such questions would be similar, if not identical. Consequently, the non-parties' attempt to block a high-ranking official—an individual who is well-positioned to know important details regarding and issues related to the Third Amendment—is not tenable. This information constitutes fertile ground for plaintiffs' counsel to explore.

Further, plaintiffs need not establish that Mr. Perry actually possesses admissible evidence that is not otherwise available through another witness or less intrusive discovery. Given the nature of the lines of inquiry that plaintiffs are pursuing during jurisdictional discovery, there is a presumption that as the Chairman of Fannie Mae's Board of Directors, Mr. Perry was intimately involved and familiar with the facts surrounding the Third Amendment at issue in this litigation. Thus, it is clear that plaintiffs' request to depose Mr. Perry is reasonable. Indeed, even Fannie Mae admits that Mr. Perry may have non-redundant discoverable knowledge regarding projections of Fannie Mae's future profitability during the authorized discovery period. Non-parties' Mot. at 14.

In addition, the non-parties argue that the deposition will impose an undue burden on Mr. Perry. According to Fannie Mae, Mr. Perry's primary occupation is working as the Chairman and Chief Executive Officer of the Integral Group LLC, a real estate development, advisory, and investment management company based in Atlanta, Georgia. Id. at 16. Fannie Mae further asserts that in this role, Mr. Perry "oversees the company's operations and projects in multiple cities across the country." Id. Fannie Mae also cites Mr. Perry's "numerous additional responsibilities." Id. Although the court appreciates the demands on Mr. Perry's time, his activities unrelated to Fannie Mae cannot shield him from deposition as Chairman of its Board of Directors. It is reasonable for plaintiffs to conclude that he possesses valuable information relevant to this case. Consequently, a busy schedule devoted to other responsibilities does not provide a sufficient basis to deny plaintiffs from seeking the jurisdictional discovery to which they are entitled in this matter. Finally, although Mr. Perry is not a party to this lawsuit, a factor that the court considered, there has been no demonstration by the non-parties that Mr. Perry's deposition would result in undue burden. Consequently, for the

reasons articulated herein and in plaintiffs' opposition brief, the non-parties' motion is **DENIED**.

    **IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge
