# In the United States Court of Federal Claims

No. 13-465C
(Filed: November 18, 2015)

```
*************************************
FAIRHOLME FUNDS, INC. et al.,         *
                                      *   Application for Access to Protected
               Plaintiffs,            *   Information; Protective Order;
                                      *   District Court Motion to Dismiss;
v.                                    *   Net Worth Sweep; FHFA; Treasury
                                      *
THE UNITED STATES,                    *
                                      *
               Defendant.             *
*************************************
```

## ORDER GRANTING CERTAIN SAXTON COUNSEL ACCESS TO PROTECTED INFORMATION

On November 16, 2015, plaintiffs in Saxton v. FHFA ("Saxton") filed a "Notice of Filing of Applications of Certain Counsel Representing Plaintiffs in Saxton v. FHFA, No. 15-47 (N.D. Iowa) for Access to Protected Information" ("motion"). The same day, the United States filed "Defendant's Opposition to Saxton Plaintiffs' Applications for Access to Protected Information" ("defendant's opposition"). Saxton requests that three of its counsel be admitted to the protective order entered in this case in order to gain access to protected information obtained through jurisdictional discovery conducted by Fairholme Funds, Inc. ("Fairholme"), the lead plaintiff in this case. The court construes Saxton's notice as a motion for admission to the protective order in this case on behalf of certain of its counsel. For the reasons explained below, Saxton's motion is granted.

Saxton's motion relates to the litigation it instituted in the Northern District of Iowa, which challenges the lawfulness of the Net Worth Sweep. Defendants in that case, the Federal Housing and Finance Agency ("FHFA") and the United States Department of the Treasury ("Treasury"), have filed a motion to dismiss Saxton's complaint, challenging the district court's subject matter jurisdiction. Fairholme filed a motion for leave to submit an amicus brief in Saxton's district court case, which includes protected materials produced in this litigation. According to Fairholme's motion for leave to file an amicus brief in the Saxton district court litigation, the information that Fairholme wishes to provide to the district court is "directly relevant to issues" raised by the FHFA and Treasury in their pending motion to dismiss. Mot. 1. Saxton therefore filed the instant motion, contending that the protective order in this case bars its counsel's review of Fairholme's proposed amicus brief in the district court case because its counsel do not have access to protected information in this case.

Defendant opposes the relief sought in Saxton's motion, arguing that Saxton seeks to use the protected information produced by the government during jurisdictional discovery conducted

in this case to amend the complaint filed in the Iowa district court litigation.  In addition, defendant argues that the district court's decision to delay the filing of the administrative record in that case until it resolves the motion challenging its subject matter jurisdiction provides adequate grounds to deny Saxton's motion.  According to defendant, because the information sought by Saxton is not relevant to the jurisdictional challenges raised in defendants FHFA and Treasury's motion to dismiss currently pending before the district court, the instant motion for admission and access should be denied.

      The court rejects defendant's arguments.  As a preliminary matter, the court notes that defendant raised a similar objection to the Fairholme plaintiffs' request for discovery in aid of jurisdiction as it advances here to deny Saxton's counsel's admission to the protective order and access to protected information—that a motion to dismiss precludes discovery, and in this instance, the fruits of discovery obtained in related litigation.  Defendant is mistaken.  Indeed, the court finds Saxton's request for admission and access is meritorious for several reasons.  First, by admitting Saxton's counsel to the protective order entered in this case and thus allowing access to protected information, Saxton's counsel can review the proposed amicus brief filed by Fairholme in the Saxton district court litigation to assess whether, or to what extent, the use of the protected information will impact the outcome of that litigation.  The court cannot turn a blind eye to Saxton's counsel's vested interest in knowing the arguments advanced by counsel for Fairholme in Saxton.  Second, access to protected information will permit Saxton's counsel, if they so choose, to use on behalf of their clients whatever protected information was obtained through discovery in this case to meet the jurisdictional challenges raised by defendants FHFA and Treasury.  Indeed, access to the protected information may permit counsel for Saxton to raise arguments and carry their client's burden of establishing the district court's jurisdiction for reasons that will become manifest once counsel gain access to the protected information.  Moreover, access to the protected information may provide grounds for Saxton to amend the complaint.  Although the ultimate outcome is unknown at this time, the court will not deny Saxton's counsel's access to protected information produced in this case—information that Fairholme's counsel believes will help to inform the district court in ruling upon the pending motion to dismiss.

      In sum, the court declines to block Saxton's counsel's ability to prosecute its client's case.  Indeed, defendant's contention that because the motion to dismiss in Saxton raises a subject matter jurisdiction challenge to the district court's ability to preside over that litigation, no fruits of discovery obtained in this case regarding the Housing and Economic Recovery Act could or should be considered by the district court, lacks merit.  It is clear that Saxton would be prejudiced if its counsel were precluded from reviewing material that could potentially aid in responding to the specific jurisdictional challenges raised by FHFA and Treasury, or in pursuing their litigation strategy.  In sum, without admission to the protective order and access to the protected information in this case, Saxton would be denied the ability to fully prosecute its case pending in the Northern District of Iowa.

      In Saxton's motion, three of its counsel seek admission to the court's protective order, representing that they are fully familiar with the provisions of this court's November 9, 2015 second amended protective order and will abide by its provisions.  The necessary declarations

from the three Saxton counsel are attached as Exhibit A to Saxton's motion and are accepted by the court.

Accordingly, for abundant good cause shown, Saxton's motion is **GRANTED**. By this order, the three Saxton counsel identified in the motion are admitted to the protective order and **GRANTED IMMEDIATE ACCESS** to the protected information lodged with the Northern District of Iowa in Saxton v. FHFA.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge