IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FAIRHOLME FUNDS, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 13-465C |
| | ) | (Judge Sweeney) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S OPPOSITION TO MOTION TO REMOVE THE "PROTECTED INFORMATION" DESIGNATIONS FROM DOCUMENTS FILED IN THE D.C. CIRCUIT AND, IN THE ALTERNATIVE, TO MODIFY THE PROTECTIVE ORDER, AND OPPOSITION TO MOTION FOR LEAVE TO FILE AMICUS BRIEF OF PROFESSOR JOHN YOO

Pursuant to the Court's April 1, 2016 order, defendant, the United States, respectfully submits this opposition to the motion (Mot.) filed by Perry Capital LLC, plaintiffs Fairholme Funds, Inc., et al., Arrowood Indemnity Co., et al., and Joseph Cacciapalle, et al. (collectively, Movants), which requests that the Court (1) "enter an order removing the 'Protected Information' designation from the information filed in the [United States Court of Appeals for the District of Columbia Circuit] with Fairholme's Motion for Judicial Notice that are cited in Appellants' Reply Brief," or (2) in the alternative, "modify the protective order to permit counsel at oral argument in [*Perry Capital LLC v. Lew*, Nos. 14-5243,-5254,-5260,-5262 (D.C. Cir.)] to reference those documents."  Mot. at 8.  In addition, the United States respectfully opposes the motion of Professor John Yoo for leave to file an amicus brief in support of Movants' motion. Mot. for Leave to File Amicus Brief of Professor John Yoo, Apr. 7, 2016, ECF No. 307.

Although this Court expressly denied as premature Fairholme's earlier motion to de-designate the protected information that it submitted to the D.C. Circuit, and despite the fact that the D.C. Circuit has still not determined whether any of Fairholme's proffered materials will be

considered by that court at all in deciding *Perry Capital*, Movants want permission to discuss protected information in an *open* oral argument because it allegedly promotes some public interest and the convenience of the D.C. Circuit panel.  The motion is (again) premature, presumptuous, and unfounded; the Court should deny it.[1]  Because the documents that are the subject of the motion are not part of any judicial record, decisions regarding the removal of the protected designations remain premature.  Moreover, Movants are not prejudiced by the designations; they may discuss the protected information, if necessary, during a *closed* session of the upcoming *Perry Capital* argument in the D.C. Circuit.  Finally, Movants have failed to establish that the documents identified were improperly designated as protected, and the so-called "alternative" relief would undermine the Court's protective order, and thus offers no alternative at all.

## ARGUMENT

### I.     Movants' Request Is Premature Because The Documents Are Not Part Of The Judicial Record

As was the case when this issue was previously before this Court, Movants' request is premature because the documents at issue are not part of any judicial record and have not been relied upon in a decision on the merits.  *See* Def.'s Resp. to Pls.' Sealed Mot. to Remove the "Protected Information" Designation from Certain Disc. Materials (Def.'s Resp.) at 5, Aug. 10, 2015, ECF No. 222; Order, at 1-2, Sept. 4, 2015, ECF No. 240.  According to D.C. Circuit precedent, "the concept of a judicial record 'assumes a judicial decision,' and with no such decision, there is 'nothing judicial to record.'"  *S.E.C. v. Am. Int'l. Grp.*, 712 F.3d 1, 3 (D.C. Cir.

---

[1]  To the extent that the Movants seek to "renew" Fairholme's prior motions to de-designate certain documents and thereby rely on the arguments therein, the United States renews its opposition to those motions.  *See* Mot. at 1, n.1; Def.'s Resp. to Pls.' Sealed Mot. to Remove the "Protected Information" Designation from Certain Disc. Materials, Aug. 10, 2015, ECF No. 222.

2013) (quoting *United States v. El-Sayegh*, 131 F.3d 158, 162 (D.C. Cir. 1997)); *see also id.* at 3-4 (finding that materials at issue were not judicial records because "the district court made no decisions about them or that otherwise relied on them").  The D.C. Circuit has not yet decided whether to take judicial notice of any of the materials produced during jurisdictional discovery in this case, much less whether to supplement the record with those materials *and* rely on them in deciding the outcome of the appeal.  Therefore, such documents are not yet part of the judicial record and any determination as to whether they should remain protected is premature.

**II.    Movants Are Not Prejudiced By Continuation Of The Protected Information Designations**

Movants cite no authority suggesting that a showing of prejudice serves as a basis to remove the protected designation from the documents at issue.  Even assuming, however, that prejudice is an appropriate factor for the Court to consider, Movants cannot demonstrate that they will suffer any prejudice if they are unable to discuss the documents in an open oral argument session.[2]  Argument on the legal questions at issue in the appeal can be held in open court without reference to protected material.  Should the D.C. Circuit wish to hear argument on the protected documents Movants referenced in one of their reply briefs, it can order the courtroom closed for that discussion.  Further, should Movants continue to insist that none of the legal questions before the appellate court can be addressed without reference to the information contained in the seven documents at issue, they are free to request that the D.C. Circuit seal the courtroom for the entirety of the argument.  Despite the fact that the order setting the oral argument date in *Perry Capital* was entered on January 15, 2016, Movants have not submitted

---

[2]  The appeal pending before the D.C. Circuit presents questions of law that are unaffected by any inferences Movants attempt to draw from the protected documents at issue. Movants' opening briefs, the briefs of Treasury and FHFA, and one of two reply briefs filed with the D.C. Circuit do not contain any references to the protected documents.

any requests or recommendations to the D.C. Circuit regarding the format of the oral argument. Therefore, Movants' complaints as to how the hearing might proceed, and what prejudice Movants believe they may suffer as a result, are purely speculative.

### III.   The Public Does Not Have A Right To Access These Documents

Movants have not demonstrated that maintaining the protected information designations for these documents is contrary to the public interest. As we established in response to previous motions to de-designate jurisdictional discovery materials in this case, ***there is no public right of access to pretrial discovery materials***. *See* Def.'s Resp. at 11-14. The cases Movants cite in support of their argument that the public has a right to access these documents assume that the materials provide the basis – or at least support – for an adjudication and are part of the judicial record. *See, e.g.*, *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983). Here, the D.C. Circuit has neither agreed to take judicial notice of these documents nor to add them to the administrative record. And, even if they were added to the administrative record, Movants cannot know whether the court will rely upon the documents in deciding the appeal until the court issues its decision. Therefore, the public's right of access to the judicial record is not implicated. Movants simply cannot demonstrate any prejudice arising from the continued protection of these documents.

### IV.   Movants Have Not Demonstrated That The Documents Are Improperly Designated As Protected

Movants cannot meet their burden of demonstrating that the documents at issue are improperly designated as protected. As we have demonstrated in previous filings, the protective order places the burden of persuasion on the party seeking to challenge "protected information" designations. *See* Def.'s Resp. at 5; Def.'s Resp. in Opp'n to the New York Times Company's Mot. to Intervene and for an Order De-Designating Disc. Materials (Def.'s NYT Opp.) at 14-15,

4

Aug. 10, 2015, ECF No. 221; *see also* Second Amended Protective Order, ¶ 17, Nov. 9, 2015,

ECF No. 256.  Nevertheless, Movants attempt to shift the burden onto the Government to show

that the documents are deserving of protection.  They do not address any of the seven documents

individually, but rather make a blanket claim that none of the documents referenced in their

motion, or, for that matter, those submitted to the D.C. Circuit as part of Fairholme's judicial

notice motion – some 34 documents – could contain market-sensitive information because they

are three years old and "neither the government nor any producing party has ever cited a

legitimate harm that might result from de-designation."  Mot. at 5.  Such conclusory statements

do not satisfy the protective order's burden of persuasion.

Moreover, the global arguments presented by Movants are the same arguments the Court

addressed – and rejected – with respect to the need for the protective order at the outset.  As we

noted in our prior response to the various de-designation motions, *see* Def.'s Resp. at 9-10, the

futures of Fannie Mae and Freddie Mac are still uncertain and the subject of vigorous debate.

The Court has recognized the ongoing potential for harm should sensitive material be released

publicly.  The Court relied on the declarations of Melvin L. Watt, Director of the FHFA, and

Michael A. Stegman, former Counselor to the Treasury Secretary for Housing Finance Policy at

the Department of Treasury, in deciding to issue the protective order.  Order, at 3, Oct. 15, 2014,

ECF No. 101 ("Based upon the information provided in these two declarations and defendant's

arguments, the court granted defendant's motion for a protective order[.]").  In his declaration,

Director Watt explained that disclosure of materials from prior years could be harmful:

> The release of documents that reflect prior thinking of Agency
> personnel concerning matters about which the Agency may follow
> a different course during my tenure as Director are likely to lead to
> the public and market participants second-guessing every decision,
> and will make any changes to Agency policy more difficult at both
> the deliberation and implementation stages.  Thus, the disclosure

> of such documents and information would substantially impair my
> ability to direct the operations of the conservatorships in the
> manner I believe to be in the best interests of the conservatorships
> and the Agency.  Accordingly, disclosure of deliberations of my
> immediate predecessor and during my tenure could have adverse
> impact to the Enterprises and market consequences.

Def.'s Mot. for Protective Order, Watt Decl. ¶ 13 (A5-A6) (Watt Decl.), May 30, 2014, ECF No. 49.  Thus, Movants' attempt to re-litigate the need for the protective order from the outset lacks basis, and should be rejected.

Finally, the documents (and portions of documents) at issue in this motion represent a selection made by Movants to support their own views of the events at issue in this litigation. This narrow snapshot of events is even more likely to mislead the markets and the public and to cause the type of harm that this Court contemplated in issuing the protective order. Consequently, Movants' attempt to minimize the sensitive nature of the documents at issue is meritless, and should be rejected.

## V.   Movants' Proposed Alternative Relief Undermines The Protective Order

Movants alternatively suggest that the Court modify the protective order to allow Movants to discuss the protected information in open court without violating the protective order's terms.  Mot. at 8.  It should be obvious that it is the information contained in the protected documents that renders those documents worthy of protection, and verbal disclosure of protected information in open court is no less prejudicial to the Government than release of the documents from which the information is drawn.  *See* Second Amended Protective Order at 1, ECF No. 256 ("The court finds that certain information likely to be disclosed *orally* or in writing during the course of this litigation may be sensitive or otherwise confidential and protectable, and that entry of a protective order is necessary to safeguard the confidentiality of that information." (emphasis added)).  To suggest that discussing aloud protected information

without exhibiting copies of the documents themselves somehow lessens the harm of disclosure is illogical.

Movants' alternative relief represents another attempt to publicize jurisdictional discovery materials that are not part of the judicial record in any court and that create a one-sided story.  As this Court has held in the past, it is the D.C. Circuit's decision whether or not it considers these materials and makes them part of the judicial record, a decision Movants seek to circumvent.  As noted above, the D.C. Circuit calendared oral argument nearly three months ago.  Yet, Movants have failed to seek guidance from the D.C. Circuit regarding the format and content of the argument.  Instead, two weeks before argument, and without conferring with the Government as required by the protective order, Movants seek to circumvent this process by filing this eleventh-hour motion.

## VI.    The Court Should Deny Professor Yoo's Motion For Leave To File An Amicus Brief

On April 7, 2016, Professor John Yoo requested leave from the Court to file an amicus brief on this issue.[3]  He urges the Court to grant his request "because he is a leading authority on separation of powers and executive privilege issues, and his perspective will be useful to the [C]ourt."  Mot. for Leave, at 2, Apr. 7, 2016, ECF No. 307.  However, Professor Yoo is not admitted under the protective order issued by this Court and, therefore, has neither reviewed Movants' motion nor examined the documents at issue.  Therefore, Professor Yoo can only speculate as to the issues currently before the Court.  This fact becomes apparent in Professor Yoo's extensive discussion of executive privilege, given that the Government has not withheld any of these documents for privilege.  Professor Yoo's amicus submission thus fails to engage with the issue underlying this motion: the integrity of the Court's protective order governing the

---

[3]  Professor Yoo did not seek the parties' position on his motion.

release of sensitive information.  On that issue, Professor Yoo does little more than repeat the Movant's argument that the documents they wish to de-designate are "more than three years old," and thus are no longer worthy of protection.  The Court need not accept an amicus submission that merely seeks to pile on for one of the parties.  *See Fluor Corp. v. United States*, 35 Fed. Cl. 284, 286 (1996) (denying motion for leave to file an amicus brief where the litigants were "adequately represented by counsel and interested in the issue which is of concern to the movants," and the proposed amici brief was "decidedly partisan").  The parties are more than capable of addressing the question of de-designation currently before the Court. The Court, therefore, should deny Professor Yoo's motion for leave to file an amicus brief.

For these reasons, as well as those discussed in our prior responses to motions regarding protected designations, the United States respectfully requests that the Court deny Movants' motion.  The United States also respectfully requests that the Court deny Professor Yoo's motion for leave to file an amicus brief in this matter.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

s/Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, JR.
Director

s/Kenneth M. Dintzer
KENNETH M. DINTZER
Deputy Director
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-0385
Facsimile:  (202) 307-0973
Email:      Kenneth.Dintzer@usdoj.gov

April 8, 2016                          *Attorneys for Defendant*