# In the United States Court of Federal Claims

No. 13-465C
(Filed Under Seal: April 11, 2016)
(Reissued for Publication: April 13, 2016)[1]

*************************************
FAIRHOLME FUNDS, INC. et al.,     \*
                                            \*
              Plaintiffs,     \*
                                            \*     Motion for De-Designation; Protective
v.     \*     Order; Protected Information
                                              \*
THE UNITED STATES,     \*
                                              \*
              Defendant.     \*
*************************************

<u>Charles J. Cooper</u>, Washington, DC, for plaintiffs.

<u>Kenneth M. Dintzer</u>, United States Department of Justice, Washington, DC, for defendant.

### **ORDER GRANTING MOTION TO DE-DESIGNATE SEVEN DOCUMENTS**

**SWEENEY**, Judge

      Before the court is the March 31, 2016 joint motion filed by Perry Capital LLC, Arrowood Indemnity Co., Joseph Cacciapalle et al., and plaintiffs in the above-captioned case ("Perry Capital appellants") to "Remove the 'Protected Information' Designations From Documents Filed in the D.C. Circuit Cited in the Merits Briefing, and, in the Alternative, Joint Motion to Modify the Protective Order to Permit Reference to these Materials at Oral Argument" ("Perry Capital appellants' joint motion to de-designate"). On April 8, 2016, the government filed Defendant's Opposition to Motion to Remove the "Protected Information" Designations From Documents Filed in the D.C. Circuit and, in the Alternative, to Modify the Protective Order, and Opposition to Motion for Leave to File Amicus Brief of Professor John Yoo" ("Def.'s Opp.").[2] Later that same day, Perry Capital appellants filed their reply in support of their joint motion. For the reasons explained below, Perry Capital appellants' motion to de-designate seven documents is granted.

---

      [1] The court provided the parties with an opportunity to suggest redactions to this ruling, but in an April 13, 2016 joint status report, they indicated that no redactions were necessary.

      [2] By separate order filed contemporaneously with this decision, the court denies Professor Yoo's request to file his proposed amicus brief.

By way of background, on July 29, 2015, Fairholme Funds, Inc. ("Fairholme"), with this court's permission, filed protected information under seal in the above-captioned case with the United States Court of Appeals for the District of Columbia ("D.C. Circuit") as part of a motion requesting that the D.C. Circuit take judicial notice of the protected information filed in Perry Capital v. Lew, No. 14-5243 ("Perry Capital"). Subsequently, on August 6, 2015, the D.C. Circuit entered an order suspending merits briefing in that appeal. Perry Capital, No. 14-5243, Aug. 6, 2015. Thereafter, on November 3, 2015, the D.C. Circuit motions panel referred Fairholme's motion for judicial notice to the merits panel for resolution. In that order, the court permitted "[t]he parties [to] refer to the lodged supplement to the appellate record in their remaining briefs." Perry Capital, No. 14-5243. Ultimately, the merits briefing schedule was entered by the D.C. Circuit on November 5, 2015. Because the parties in Perry Capital could now reference certain sealed documents from this case in their merits briefing before the D.C. Circuit, this court entered an order on November 9, 2015 granting Perry Capital's motion to be admitted to the protective order and access protected information.

The D.C. Circuit scheduled oral argument in Perry Capital for April 15, 2016. Perry Capital, No. 14-5243. Accordingly, Perry Capital appellants have now filed the instant motion, requesting the court to grant the "joint renewed motions and enter an order removing the 'Protected Information' designation from the information filed in the D.C. Circuit with Fairholme's Motion for Judicial Notice that are cited in Appellants' Reply Brief. In the alternative," Perry Capital appellants argue, "this Court should modify the protective order to permit counsel at oral argument in *Perry Capital* to reference those documents." Perry Capital Appellants' Joint Motion to De-designate 8 (italics in original).

Specifically, Perry Capital appellants jointly renew six of Fairholme's prior motions, seeking to remove protected information designations from a total of seven documents produced or generated in this case. Those six motions are: (1) Plaintiffs' Sealed Motion to Remove the "Protected Information" Designation from the Depositions of Edward DeMarco and Mario Ugoletti; (2) Plaintiffs' Sealed Motion to Remove the "Protected Information" Designation from Certain Grant Thornton Documents; (3) Plaintiffs' Sealed Motion to Remove the "Protected Information" Designation from Certain Treasury and FHFA Documents; (4) Plaintiffs' Sealed Motion to Remove the "Protected Information" Designation from Certain Unredacted Information in Documents Produced by Deloitte; (5) Plaintiffs' Sealed Motion to Remove the "Protected Information" Designation from Certain Unredacted Information in Documents Produced by Fannie Mae; and (6) Plaintiffs' Sealed Motion to Remove the "Protected Information" Designation from Certain Unredacted Information in Documents Produced by Freddie Mac. Perry Capital appellants have attached the seven documents to the instant motion, and again, renew plaintiffs' prior motions to de-designate other documents.

Defendant opposes Perry Capital appellants' request, arguing that it is premature because: (1) the seven documents at issue are not part of the judicial record, Def.'s Opp. 2-3; (2) Perry Capital appellants are not prejudiced by the designations of the protected information, id. at 3-4; 3) the public does not have a right of access to the documents, id. at 4; (4) Perry Capital appellants failed to demonstrate that the documents are improperly designated as protected, id. at 4-6; and (5) that Perry Capital appellants' alternative, i.e., that the court modify

2

the protective order to allow them to discuss the protected information in open court without violating the terms of the protective order, would undermine the protective order, id. at 6-7.

After careful consideration of the parties' competing arguments, the court finds that Perry Capital appellants' request is reasonable and that defendant's opposition is not well-founded. As a preliminary matter, the court finds that, in light of the oral argument in Perry Capital that is set for April 15, 2016 before the D.C. Circuit, Perry Capital appellants' request is ripe for decision. Moreover, in its re-examination of the documents attached to Perry Capital appellants' motion, the court notes that the contents of these documents refer to, among other things, events—including decisions and forecasts—that occurred more than three years ago. For that reason, the court finds that sufficient time has passed to alleviate its initial concerns that disclosure of certain information to the public had the potential to adversely influence United States financial markets. With the passage of time, the court's initial concern regarding a negative impact on the Nation's financial markets or financial institutions has dissipated.

At issue here are excerpts from three deposition transcripts, as well as excerpts from four documents that are more than three years old. As a result, the government's continued reliance on the May 29, 2014 declaration of Federal Housing Finance Agency ("FHFA") Director Melvin L. Watt no longer retains the same potency that it did when originally supplied to the court in support of the entry of a protective order. Nevertheless, the government reiterates its original arguments when it asserts that "the futures of Fannie Mae and Freddie Mac are still uncertain and subject of vigorous debate," Def.'s Opp. 5, once again relying on the Declarations of Melvin L. Watt and Michael A. Stegman, the Director of the FHFA and Former Counselor to the Treasury Secretary for Housing Finance Policy at the United States Department of the Treasury, respectively. While the court recognizes that protection of the Nation's financial markets and fledgling financial institutions were legitimate goals when the court first entered its order, with the passage of time, the potential for harm to the Nation's markets and then-fledgling financial institutions no longer exists. Instead of harm to the Nation resulting from disclosure, the only "harm" presented is the potential for criticism of an agency, institution, and the decision-makers of those entities. The court will not condone the misuse of a protective order as a shield to insulate public officials from criticism in the way they execute their public duties. Thus, avoidance of "second-guessing" an agency's decisions several years after the fact, as described by Mr. Watt, is, with the passage of time no longer a legitimate basis to maintain documents under a protective order. The court notes that from the inception of this litigation, the government has consistently maintained that the court lacks jurisdiction over this case because the United States had no control over the enterprises. Taking the government at its word, it is surprising that defendant is concerned with the unsealing of government officials' deposition testimony.

Moreover, there can be no serious dispute that it is extremely rare for a document filed under seal in a civil case to remain so for all time. There is no suggestion that the documents subject to the protective order are classified as relating to national security. Nor do these documents contain trade secrets or proprietary information. However, even cases in which trade secrets and proprietary information are filed under seal and subject to a protective order, it is not unusual that after the passage of time, that same information is eventually unsealed because the protective order has outlived its usefulness. Indeed, because the government does not argue that

information that it requests remain protected concerns matters involving national security, trade secrets, or proprietary information, or that specific privileges attach to any of the seven documents, it is clear that there is no longer a need to maintain the protected designation for them.

Ultimately, there is nothing contained in these documents that gives the court pause regarding de-designation.  Although defendant seeks to preserve the status quo and maintain the protected status of all of the documents at issue, proposing that discussion of protected material could be conducted in a closed session at the end of the oral argument, the information contained within the seven documents no longer needs to be subject to the protective order.  Further, as Perry Capital appellants assert, preventing them from discussing the documents during other parts of the oral argument would potentially undermine their ability to fully prosecute their case, as these documents may be relevant to all aspects of their appeal.  Consequently, this court does not deem it necessary to constrain that proceeding in the manner that defendant suggests.

Accordingly, Perry Capital appellants' motion to de-designate the seven documents attached thereto is **GRANTED**.  However, plaintiffs' renewed motions to de-designate other documents not contained in those seven attachments are **DENIED WITHOUT PREJUDICE**.  As the court indicated previously, it will address those requests after briefing regarding the renewed motion to dismiss has been completed.  The court has filed this order under seal.  The parties shall confer to determine proposed redactions that are agreeable to all parties.  Then, **by no later than Monday, April 18, 2016**, the parties shall file a joint status report indicating their agreement with the proposed redactions and **attaching a complete copy of the court's order with all redactions clearly indicated**.

**NO COSTS.**

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney  
MARGARET M. SWEENEY  
Judge