# In the United States Court of Federal Claims

No. 13-465C
(Filed Under Seal: April 11, 2016)
(Reissued: April 18, 2016)[1]

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| FAIRHOLME FUNDS, INC. et al., | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ORDER DENYING MOTION FOR LEAVE TO FILE
AMICUS BRIEF OF PROFESSOR JOHN YOO**

Plaintiffs in the above-captioned case, along with Perry Capital LLC, Arrowood Indemnity Co., and Joseph Cacciapalle et al. ("Perry Capital appellants") filed a "Joint Motion to Remove the 'Protected Information' Designations From Documents Filed in the D.C. Circuit Cited in the Merits Briefing, and, in the Alternative, Joint Motion to Modify the Protective Order to Permit Reference to these Materials at Oral Argument" ("motion to de-designate"). Subsequent to the filing of the motion to de-designate, a "Motion for Leave to File Amicus Brief of Professor John Yoo" ("motion for leave") was filed. John Yoo, a law professor and a former Deputy Assistant U.S. Attorney General in the Office of Legal Counsel, seeks leave to file an amicus brief in support of Perry Capital appellants. According to the motion for leave:

> Professor Yoo has written extensively on the separation of powers, the scope of the President's constitutional authority, and executive privilege, and he is one of the Nation's leading authorities on those topics. Professor Yoo's experience and expertise make him uniquely qualified to address arguments over the propriety of the government's efforts to avoid public criticism by using a variety of evidentiary privileges–many of which may only be invoked by the federal government–to prevent disclosure of information relating to its decision to nationalize Fannie Mae and Freddie Mac. As a leading scholar and practitioner in this area, Professor Yoo has a strong interest in seeking to ensure that the Government does not overstep the

---

[1] The court provided the parties with an opportunity to suggest redactions to this ruling, but in an April 18, 2016 joint status report, they indicated that no redactions were necessary. The order is therefore unsealed with the parties' consent.

bounds of its constitutional authority to withhold important information from the public.

Mot. for Leave 1. Although the court does not question Professor Yoo's experience, knowledge, or expertise, his motion for leave is denied for the reasons that follow.

Perry Capital appellants' motion to de-designate was filed under seal. Thus, only those individuals admitted to the protective order are authorized to and have reviewed the contents of Perry Capital appellants' motion. Of greater importance is the fact that only those counsel admitted to the protective order were authorized to and have reviewed the seven documents (as well as all of the documents produced in discovery) that Perry Capital appellants seek to de-designate. Because Professor Yoo is not admitted to the protective order, he has neither reviewed the documents produced during discovery, nor read any of the related memoranda of law filed in this case.

As counsel are aware, the court entered the protective order in this case based primarily, although not exclusively, upon the government's representations in its memoranda and supporting declarations that the disclosure of the documents produced during discovery would result in significant harm to United States financial markets and, as a consequence, to the Nation. Relying upon those representations, the court entered the protective order to avoid jeopardizing the stability of the Nation's financial markets.

As a direct consequence of the entry of the protective order, only those counsel admitted thereto are positioned to argue the merits of whether the disclosure of the seven documents at issue will or has the potential to result in harm to United States financial markets if the court grants Perry Capital appellants' motion for de-designation. Because Professor Yoo is not admitted to the protective order, he has neither reviewed any of the documents produced during discovery, nor read any of the related memoranda of law filed in this case. Without being privy to the documents and arguments raised by the competing parties in this litigation, his proposed amicus brief, no matter how well-founded and scholarly regarding the virtues attendant to public access to government documents, cannot and does not address the court's primary concern regarding the adverse consequences to the Nation's financial markets that would flow from de-designation. However, in reaching its conclusion to deny Professor Yoo's motion for leave, the court emphasizes that it does so while simultaneously embracing constitutional protections, such as those afforded by the First Amendment.

In conclusion, because Professor Yoo has no access to the sealed documents and legal memoranda and thus cannot address the issue of primary importance to the court when making its decision regarding whether to de-designate—the potential for adverse consequences to United States financial markets if plaintiffs' motion to de-designate is granted—coupled with the fact that plaintiffs are represented by preeminent counsel who are admitted to the protective order and who are able to offer well-founded, cogent arguments on behalf of their clients, plaintiffs are not

prejudiced by the court denying his motion for leave.  Accordingly, the Motion for Leave to File the Amicus Brief of Professor John Yoo is **DENIED**.[1]

The court has filed this order under seal.  The parties shall confer to determine proposed redactions that are agreeable to all parties.  Then, **by no later than Monday, April 18, 2016**, the parties shall file a joint status report indicating their agreement with the proposed redactions and **attaching a complete copy of the court's order with all redactions clearly indicated**.

**NO COSTS.**

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge

---

[1] The court notes that on April 8, 2016, the government filed "Defendant's Opposition to Motion to Remove the 'Protective Information' Designations from Documents Filed in the D.C. Circuit and, in the Alternative, to Modify the Protective Order, and Opposition to Motion for Leave to File Amicus Brief of Professor John Yoo."  In light of the court denying the motion for leave to file Professor Yoo's amicus brief, the court need not address the arguments raised in the government's opposition.