# In the United States Court of Federal Claims

No. 13-465C
(Filed:  May 30, 2017)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
FAIRHOLME FUNDS, INC. et al.,              \*
                                           \*
                    Plaintiffs,            \*          Award of Attorney's Fees; RCFC
                                           \*          37(a)(5)(C); Substantial Justification
v.                                         \*
                                           \*
THE UNITED STATES,                         \*
                                           \*
                    Defendant.             \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Charles J. Cooper</u>, Washington, DC, for plaintiffs.

<u>Kenneth M. Dintzer</u>, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

**SWEENEY**, Judge

Before the court is the following issue:  Whether an award of attorney's fees pursuant to Rule 37(a)(5)(C) of the Rules of the United States Court of Federal Claims ("RCFC") is appropriate following the United States Court of Appeals for the Federal Circuit's ("Federal Circuit") decision that only eight of the fifty-six documents that this court directed the government to produce to plaintiffs could be withheld by the government as privileged.  The court deems oral argument unnecessary and, for the reasons set forth below, will not award attorney's fees in this instance.

## I.  BACKGROUND

On November 23, 2015, plaintiffs moved to compel the production of fifty-eight documents withheld by defendant on the grounds of (1) the presidential communications privilege, (2) the deliberative process privilege, (3) the bank examination privilege, or (4) a combination thereof.  Following an <u>in camera</u> review of fifty-six of the documents,[1] this court granted plaintiffs' motion in its entirety.  On October 27, 2016, defendant sought mandamus relief from the Federal Circuit as to sixteen of the documents and on January 30, 2017, the Federal Circuit granted defendant's petition as to eight of the documents.

---

[1]  Subsequent to defendant's production of the documents to this court for <u>in camera</u> review, yet before this court issued its ruling, defendant withdrew its claim of privilege as to two of the documents.

## II.  STANDARD OF REVIEW

Pursuant to RCFC 37(a)(5)(C), if a motion to compel discovery "is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."  The purpose of the rule is "(1) to deter the [respondent] from engaging in dilatory conduct in responding to discovery requests in the future, and (2) to compensate the [movant] for the additional expenses that it incurred in securing the [respondent's] full response to its discovery requests."  Precision Pine & Timber, Inc. v. United States, No. 98-720 C, 2001 WL 1819224, at *9 (Fed. Cl. Mar. 6, 2001).  Unlike RCFC 37(a)(5)(A), which mandates the payment of expenses, RCFC 37(a)(5)(C) grants the court wide latitude in making such an award.  Confidential Informant 59-05071 v. United States, 121 Fed. Cl. 36, 49 (2015) (holding that an award of expenses under RCFC 37(a)(5)(C) is "discretionary").

In exercising that latitude, the court may consider the same exceptions considered by the court when it acts pursuant to subsection (A) of RCFC 37(a)(5).  Wilson v. Greater Las Vegas Ass'n of Realtors, No. 2:14-cv-00362-APG-NJK, 2016 WL 4087272, at *1 (D. Nev. July 28, 2016) (interpreting Rule 37(a)(5)(C) of the Federal Rules of Civil Procedure ("FRCP")[2]).  Under RCFC 37(a)(5)(A), there are three scenarios in which an award of expenses is not appropriate.  First, an award of expenses is not appropriate if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action."  RCFC 37(a)(5)(A)(i); accord Flame S.A. v. Indus. Carriers, Inc., Civil Action No. 2:13-cv-658, 2014 WL 4809842, at *3 (E.D. Va. Sept. 25, 2014) ("[R]easonable expenses may not be awarded if the movant filed the motion before attempting in good faith to obtain the discovery without court intervention." (interpreting FRCP 37(a)(5)(A)(i))).

Second, an award of expenses is not appropriate if "the opposing party's nondisclosure, response, or objection was substantially justified."  RCFC 37(a)(5)(A)(ii).  "The Supreme Court has stated that a party meets the 'substantially justified' standard when there is a 'genuine dispute' or if 'reasonable people would differ' as to the appropriateness of the motion."  Alexander v. FBI, 188 F.R.D. 144, 147 (D.D.C. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)); accord Roberts v. Clark Cty. Sch. Dist., 312 F.R.D. 594, 609 (D. Nev. 2016) ("The court will not order monetary or other sanctions when it finds that a position was substantially justified in that the parties had a genuine dispute on matters on which reasonable people could differ as to the appropriate outcome.").  In other words, "[m]aking a motion, or opposing a motion, is 'substantially justified' if the motion raised an issue about which reasonable people could genuinely differ on whether a party was bound to comply with a

---

[2]  "[T]o the extent permitted by this court's jurisdiction," the RCFC "must be consistent with the [FRCP] . . . ."  RCFC 83(a).  Thus, "[t]his court may use interpretations of the Federal Rules in applying analogous Claims Court rules."  Allgonac Mfg. Co. v. United States, 458 F.2d 1373, 1376 (Ct. Cl. 1972); accord Eden Isle Marina, Inc. v. United States, 89 Fed. Cl. 480, 492 (2009) ("Moreover, because the RCFC's discovery rules mirror the discovery rules set forth in the Federal Rules of Civil Procedure, the court's interpretation of its rules 'will be guided by case law and the Advisory Committee Notes that accompany the Federal Rules of Civil Procedure.'" (quoting RCFC rules committee's note to 2002 revision)).

discovery rule." 8A Wright, Miller & Marcus, Federal Practice and Procedure § 2288 (2d ed. 1994).

Third, an award of expenses is not appropriate if "other circumstances make an award of fees unjust." RCFC 37(a)(5)(A)(iii). Under the third scenario, the party opposing the imposition of sanctions bears the burden of demonstrating the special circumstances that would make such an imposition unjust. Wilson, 2016 WL 4087272, at *1 (citing Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994) (interpreting FRCP 37(b)(2) and FRCP 37(d))). Circumstances that may make an award of fees unjust include whether the party subject to sanctions acted in good or bad faith, and whether the financial circumstances of the party subject to sanctions would make an award unjust. Id. at *2.

Lastly, "[w]hile the Court may consider these exceptions, the Court is not required to do so in declining to award sanctions under [RCFC] 37(a)(5)(C)." Id. at *1 (citing CPA Lead, LLC v. Adeptive ADS LLC, No. 2:14-CV-1449 JCM (CWH), 2016 WL 3176569, at *2 (D. Nev. June 2, 2016) (discussing FRCP 37(a)(5)(C))). Thus, a court will decline to apportion expenses under the rule if it determines that such an award would not advance, or would be counterproductive to, the ultimate resolution of the case. Confidential Informant 59-05071, 121 Fed. Cl. at 51.

### III. DISCUSSION

#### A. The Parties' Positions

In its initial submission to the court, defendant argues that, pursuant RCFC 37(a)(5)(C), neither party should be awarded expenses. Def.'s Resp. 2. First, defendant contends that an award of expenses under the rule's permissive standard "would unnecessarily protract the resolution of this case," because it would shift the parties' and this court's focus away from the resolution of the case on its merits. Id. at 6-7.

Second, defendant argues that its position was substantially justified,[3] because both this court and the Federal Circuit "largely accepted" defendant's arguments as to the legal issues raised in plaintiffs' motion to compel. Id. at 9-10. Defendant points to the facts that (1) the Federal Circuit upheld defendant's position with respect to the presidential communications privilege, (2) the Federal Circuit upheld this court's ruling that the Federal Housing Finance Authority ("FHFA") may invoke the deliberative process and bank examination privileges, (3) this court rejected plaintiffs' argument that documents containing financial information are categorically excluded from protection under the deliberative process privilege, and (4) this court recognized that post decisional documents may reflect predecisional deliberations. Id. Defendant further argues that its positions with respect to the remaining challenged documents were substantially justified because the declarations it submitted in support of its privilege assertions were consistent with previous declarations that were submitted and accepted by this court. Id. at 10-11. In addition, defendant notes that its declarations were credited by the

---

[3] Defendant argues that, since RCFC 37(a)(5)(C) does not indicate how expenses are to be apportioned when a discovery motion is both granted in part and denied in part, the court should adopt RCFC 37(a)(5)(A)(ii)'s "substantial justification" standard. Def.'s Resp. 7.

Federal Circuit in its decision partially granting defendant's request for mandamus relief.  Id. at 11.

Third, defendant contends that "apportioning expenses in this case would be unjust because such relief would not advance the judicial-economy rationale behind Rule 37(a)(5)."  Id. According to defendant, an award of expenses would be particularly unjust since the discovery plaintiffs sought threatened to interfere with defendant's decision-making processes—especially those of the President and the executive branch agencies.  Id. at 12.

In their response to defendant's submission, plaintiffs advance three arguments.  Pls.' Resp. 7-23.  First, plaintiffs suggest that an award of expenses is appropriate in order to effectuate RCFC 37(a)'s twin goals of deterrence and compensation.  Id. at 7-11.  According to plaintiffs, an appropriate fee award "would serve to make Plaintiffs whole for the costs they were forced to incur in order to obtain at least fifty responsive . . . documents that the Government should have voluntarily produced years ago."  Id. at 7.  Such an award would also, plaintiffs argue, cause defendant to be more circumspect in the fulfilment of its discovery obligations, both in this case and in future cases.  Id. at 8-9.  In response to defendant's contention that an award of expenses would be counter productive to the court's merits-based resolution of plaintiffs' claims, plaintiffs argue that it is founded on the mistaken belief that discovery has "essentially concluded."  Id. at 9.  According to plaintiffs, if this court denies defendant's motion to dismiss, the parties will then proceed to extensive plenary factual and expert discovery.  Id.  Next, in response to defendant's claim that an award of expenses would be unjust because some of plaintiffs' document requests implicate the decision-making processes of the President and the executive branch agencies, plaintiffs argue that defendant misstates the law and "the nature of the court's inquiry in the present context."  Id. at 10.  Rather, plaintiffs aver, they only seek an award of expenses related to those efforts that were ultimately successful, irrespective of the privilege implicated.  Id. at 10-11.

Second, plaintiffs argue that, except for the eight documents the Federal Circuit ultimately found were privileged, defendant was not substantially justified in withholding the documents.  Id. at 11-18.  That is why, plaintiffs contend, they only seek to recover a portion of their expenses.  Id. at 15-16.  In other words, in plaintiffs' view, the court cannot find that defendant's position was substantially justified unless it finds both that the privilege defendant invoked applies and that the benefits of disclosure do not outweigh the harms.  Id. at 16-17.

Lastly, plaintiffs propose a formula for the court to use in awarding attorney's fees pursuant to RCFC 37.  Id. at 18-23.  First, plaintiffs suggest that the court determine the "lodestar" amount—the total amount of attorney's fees the prevailing party incurred with respect to the motion to compel.  Id. at 18.  Next, plaintiffs suggest that the court "determine the [prevailing] party's 'win ratio'—the percentage of specific documents (or other discoverable information) with respect to which the party ultimately prevailed."  Id. at 18-19.  According to plaintiffs, multiplying the lodestar by the win ratio yields the total amount of expenses due under RCFC 37(a)(5)(C).  Id. at 19.  In their case, plaintiffs submit that the lodestar amount is

$245,995.50;[4] that the win ratio is 86%;[5] and that therefore the total amount due therefore is $211,556.13.  Id.

In its reply in support of its initial submission to the court regarding the payment of plaintiffs' expenses, and in response to plaintiffs' memorandum in favor of such an award, defendant articulates three arguments.  Def.'s Reply 3-36.  First, defendant claims that its opposition to plaintiffs' motion to compel was substantially justified.  According to defendant, plaintiffs erroneously conflate their success with defendant's lack of substantial justification instead of recognizing that "[t]he substantial justification exception contained in Rule 37(a)(5) protects a party from paying expenses when, as in this case, its opposition reflected genuine disputes." Id. at 3-5.  Additionally, defendant contends, the uncontested declarations it submitted in support of its assertion of the presidential communications, deliberative process, and bank examination privileges demonstrate the reasonableness of its position because the statements made therein were consistent with declarations previously accepted by this court in other cases involving comparable claims of privilege.  Id. at 5-8.  In the same vein, defendant argues that the court should reject various arguments advanced by plaintiffs in an effort to show that defendant's position was not substantially justified.  Id. at 8-12.  Specifically, defendant contends that the fact that (1) the court had to balance defendant's interest in protecting the documents from disclosure against plaintiffs' need for the documents lends further credence to defendant's contention that its position was substantially justified, id. at 8-9; (2) the Federal Circuit only addressed sixteen documents in its decision does not mean that defendant conceded that its privilege assertions as to the remaining documents were not substantially justified, id. at 9-10; (3) the Federal Circuit upheld this court's ruling with respect to eight documents does not mean that it implicitly held that defendant's position as to those eight documents was not substantially justified, id. at 10-12; and (4) defendant withdrew its privilege claims as to two documents after plaintiffs filed their motion to compel does not indicate that its original assertions of privilege were made in error or were not substantially justified—rather, defendant produced one of the documents in redacted form pursuant to an agreement between the parties, and it produced the second document in full after discovering that plaintiffs already had a copy of it, id. at 12.

Second, defendant argues that even if the court concluded that defendant's position was not substantially justified, an award of expenses would nevertheless be unjust because (1) an award would not advance the resolution of the case in that it would only create animosity between the parties, id. at 13; (2) the procedural requirements already in place for formally invoking governmental privileges—such as mandating personal consideration of the claimed privileges by an agency head or his or her delegate—serve the same purpose as RCFC 37(a)(5) in that both are "designed to ensure that the privilege[s are] presented in a deliberate, considered, and reasonably specific manner," id. at 14 (internal quotation marks omitted); and (3) plaintiffs

---

[4]  According to plaintiffs, the lodestar figure in this case is the sum of the time spent by each of plaintiffs' attorneys on the motion to compel multiplied by his or her reasonable hourly rate.  Pls.' Resp. 19.

[5]  According to plaintiffs, the eighty-six percent win ratio in this case reflects plaintiffs' receipt of eighty percent of the documents sought by their motion to compel (fifty of the fifty-eight documents).  Pls.' Resp. 22.

have not identified any behavior on defendant's part that amounts to misconduct warranting the imposition of a sanction, such as an award of expenses, id. at 15-17.

Lastly, defendant attacks plaintiffs' proposed methodology for apportioning expenses pursuant to RCFC 37(a)(5)(C).  Id. at 17-29.  Defendant argues that (1) plaintiffs' win ratio is an inappropriate mechanism to use to apportion expenses because "eligibility for compensation under RCFC 37(a)(5)(C) depends not on whether production is ultimately compelled but instead on whether the party's invocation of the privilege was substantially justified," id. at 18-19; (2) to the extent the court adopts plaintiffs' proposed win ratio, defendant is entitled to a corresponding apportionment of its expenses with respect to the documents ultimately deemed privileged by the Federal Circuit, id. at 20-21; (3) when compared to other fee awards granted under the rule, the amount plaintiffs seek, $211,556.13, is excessive, id. at 21-22; (4) the court should not award expenses related to the proceedings before the Federal Circuit since that court indicated in its ruling that the parties must bear their own costs, id. at 22-23; (5) the declaration and accompanying documentation plaintiffs submitted in support of their request for expenses is not sufficiently detailed to allow the court to assess, for example, plaintiffs' claim that they are not seeking reimbursement for time spent on arguments related to the presidential communications privilege, id. at 23-25; (6) certain expenses claimed by plaintiffs are duplicative, vague, and excessive, id. at 25-29; and (7) plaintiffs' hourly rates are excessive when compared to those of other practitioners who appear before this court, id. at 29.

## B.  Analysis

### 1.  RCFC 37(a)(5)(C)'s Procedural Requirements Have Been Met

Defendant concedes that plaintiffs attempted to resolve their concerns over defendant's responses to plaintiffs' discovery requests directly with defendant before filing their motion to compel:  "After acknowledging that, for months, the parties met and conferred regarding the Government's privilege assertions, plaintiffs explained that guidance from the Court is needed with respect to those assertions.  . . .  Indeed, before plaintiffs filed their motion, the parties met and conferred on several occasions, the United States reconsidered several, previous assertions, and the parties narrowed the universe of specific documents as to which genuine disputes existed."  Def.'s Resp. 2 (internal quotation marks omitted).  Thus, by conferring with defendant prior to filing their motion to compel, plaintiffs satisfied the rule's procedural requirement that they first attempt to resolve the dispute without court intervention.  See RCFC 37(a)(5)(A)(i); accord Council for Tribal Emp't Rights v. United States, 110 Fed. Cl. 244, 249 (2013) ("The procedural requirements for an award of fees and expenses [under RCFC 37(a)(5)] have been met in this case.  After the court issued its order of November 7, 2012, allowing discovery to commence, the Council sought discovery without success, and it conferred with the government's counsel in an effort to obtain responses absent intervention by the court."); Canvs Corp. v. United States, 104 Fed. Cl. 727, 733 (2012) (finding that defendant met RCFC 37(a)(5)(A)(i)'s requirement because, "[w]ith respect to both motions to compel, defendant certified that it had in good faith attempted to confer with plaintiff's counsel before involving the court, which is corroborated by e-mails attached as exhibits to defendant's motions").  In addition, the court allowed defendant to file two briefs addressing the issue of attorney's fees,

thus satisfying the requirement that the party against whom sanctions are being considered be given "an opportunity to be heard," RCFC 37(a)(5)(C).

### 2. Defendant's Position Was Substantially Justified

In this case, defendant's objections to plaintiffs' discovery requests were substantially justified. See RCFC 37(a)(5)(A)(ii). When plaintiffs filed their motion to compel, this court had yet to rule on the parameters of any of the privileges asserted by defendant in response to plaintiffs' discovery requests. Thus, it was not unreasonable for the parties to disagree, at that time, regarding whether plaintiffs sought materials or information that was privileged. See Cobell v. Norton, 213 F.R.D. 1, 14-15 (D.D.C. 2003) (finding that defendant's discovery objections were substantially justified pursuant to FRCP 37(a)(4)(A) because the court had not yet applied the work-product doctrine or deliberative process privilege to the discovery materials in the case). In addition, as demonstrated below, even though this court overruled defendant's privilege claims and concluded that the documents and information sought by plaintiffs in their discovery requests had to be produced, it did so not because defendant's privilege claims demonstrated an unreasonable interpretation of the rules governing discovery. Rather, in the majority of instances, this court found that defendant's privilege log was not sufficiently detailed and that those deficiencies were not remedied by the sworn statements made in the three declarations submitted with the privilege log. Similarly, this court's conclusion that plaintiffs' evidentiary need for the documents or information outweighed defendant's need to protect them was not based on a finding that defendant's position was not substantially justified, but rather that plaintiffs' need for the information overrode defendant's need to protect it. The following summary of this court's ruling and the rationale behind it supports the conclusion that defendant's position was substantially justified.

In its opinion, this court reviewed twelve categories of documents: (1) BlackRock documents, (2) FHFA presentation on deferred tax assets ("DTA"), (3) forecasts, (4) risk assessment memoranda, (5) DeLeo e-mail, (6) housing finance reform, (7) housing policies, (8) preferred stock purchase agreement ("PSPA") modifications, (9) government sponsored enterprise ("GSE") projections, (10) valuation reports, (11) estimates for the President's budget, and (12) potential implications of the terms of the PSPAs. Fairholme Funds, Inc. v. United States, 128 Fed. Cl. 410, 424 (2016), mandamus granted in part, denied in part, In re United States, Nos. 2017-104, 2017-1122, 2017 WL 406243 (Fed. Cir. Jan. 30, 2017) (unpublished opinion). With respect to the four BlackRock documents, this court found that defendant had satisfied the procedural requirements of the deliberative process privilege but not the substantive requirements. Id. at 438-42. Specifically, this court found that, although defendant submitted the sworn declaration of Christopher H. Dickerson, Senior Associate Director of the Division of Enterprise Regulation at the FHFA, see id. at 437, the declaration was inadequate and the court's independent review of the document did not disclose information sufficient to verify the documents' deliberative nature. Id. at 440-42. This court proceeded to conclude that even if the documents were clearly deliberative, under the privilege's balancing test, plaintiffs' evidentiary need for the information outweighed defendant's interest in maintaining the documents' confidentiality. Id. at 442-43. This court reached the same conclusion as to the application of the bank examination privilege to the BlackRock documents—finding that although the documents were subject to the privilege, under the same balancing test used to analyze the

deliberative process privilege, plaintiffs' need for the information trumped the defendant's assertion of the privilege. Id. at 443. Defendant declined to challenge this court's ruling with respect to these four documents in its petition for mandamus relief.

With respect to the one document regarding the FHFA presentation on DTA (FHFA00092209), this court found that defendant had not satisfied the procedural requirements of the deliberative process privilege in that, through Mr. Dickerson, it failed to provide precise and certain reasons for maintaining the confidentiality of the document. Id. at 443-44. This court also found that even if defendant had satisfied the deliberative prong of the privilege's substantive requirement, under the privilege's balancing test, plaintiffs' evidentiary need for the information warranted its disclosure. Id. at 444-45. This court reached the same conclusion as to defendant's claim that the document was protected by the bank examination privilege. Id. at 445. On review, the Federal Circuit concluded that the document was protected by the deliberative process privilege and should not be produced. In re United States, 2017 WL 406243, at *6-7.

With respect to the two documents regarding forecasts, this court found that defendant had satisfied the procedural requirements of the deliberative process privilege but not the substantive requirements. Fairholme Funds, 128 Fed. Cl. at 445-47. Specifically, this court found that defendant had not shown (1) that all of the documents were predecisional because this court could not verify that the dates provided in the accompanying privilege log were the dates the documents were created; and (2) that the documents were deliberative, even though Mr. Dickerson proclaimed their deliberative nature in his sworn declaration. Id. at 447. This court then concluded that pursuant to the balancing test applied to the deliberative process privilege, plaintiffs' need for the documents was superior to defendant's desire to maintain the privilege. Id. at 447-48. Defendant declined to challenge this court's ruling with respect to these two documents in its petition for mandamus relief.

With respect to the four documents regarding risk assessment (FHFA00096631, FHFA00096634, FHFA00096636, and FHFA00096638), this court found that, despite Mr. Dickerson's sworn declaration that the documents were privileged, pursuant to the bank examination privilege's balancing test, the documents must be produced. Id. at 448-50. When these four documents were later reviewed in camera by the Federal Circuit, it affirmed this court's ruling. In re United States, 2017 WL 406243, at *8.

With respect to the DeLeo e-mail, this court found that defendant had satisfied the deliberative process privilege's procedural requirements but not either of its substantive requirements. Fairholme Funds, 128 Fed. Cl. at 450-51. Specifically, this court found that, despite Mr. Dickerson's claim that the e-mail was privileged, id. at 450, in this court's view, "the document's deliberative nature [was] not apparent on its face," id. at 451. Thus, this court reviewed the privilege claim pursuant to the privilege's balancing test and ruled in favor of plaintiffs. Id. at 451-52. Defendant declined to challenge this court's ruling with respect to this document in its appeal.

With respect to the nine documents regarding housing finance reform (UST00389678, UST00490551, UST00500982, UST00513480, UST00515290, UST00518402, UST00521902,

UST00544897, and UST00550441), defendant asserted the deliberative process privilege as to the first eight documents. Id. at 452-56. As to the privilege's procedural requirements, this court found that defendant had satisfied them. Id. at 455-56. As to the privilege's substantive requirements, this court found that, although defendant submitted the sworn declaration of David R. Pearl, Executive Secretary of the Treasury Department, see id. at 437-38, the declaration was insufficiently detailed and this court was not able, after reviewing the documents, to determine, on their face, that the documents were predecisional, because not all of them were dated. Id. at 456-57. In addition, this court was not able to confirm from their content that the documents were in fact deliberative. Id. at 457. Ultimately, this court concluded, after balancing the parties' competing interests, that the documents should be released to plaintiffs due to their evidentiary need for them. Id. at 458-59. On review, the Federal Circuit concluded that three of the nine documents were protected by the deliberative process privilege (UST00518402, UST00389678, and UST00490551) and should not be released. In re. United States, 2017 WL 406243, at *4-6.

As to the four housing finance reform documents over which defendant asserted the presidential communications privilege (UST00500982, UST515290, UST521902, and UST550441), this court found that none of them was protected by the privilege. Fairholme Funds, 128 Fed. Cl. at 459-60. Despite the sworn declaration of Nicholas R. McQuaid, Deputy White House Counsel, see id. at 438, this court found that (1) it could not "verify either the authors or recipients of [the first of] the [four] draft document[s]"; (2) it could not ascertain the title of one of the individuals listed on the second document; and (3) it could not verify that the third document "was sent, let alone drafted by, Mr. Sperling[, the Director of the National Economic Council]." Id. at 459. As to the fourth document, this court found that it was "subject to the presidential communications privilege because it consist[ed] of a deliberative communication between three of the President's senior staff in the course of fulfilling their roles as advisors on the timing of housing reform." Id. This court proceeded to conclude, however, that because plaintiffs had made a sufficient showing that the evidence was both important and unavailable from another source, all four documents had to be disclosed. Id. at 459-60. On review, the Federal Circuit overturned this court's ruling as to the application of the presidential communications privilege to these four documents. In re. United States, 2017 WL 406243, at *7-8. Having found that the presidential communications privilege barred disclosure, the Federal Circuit declined to address whether or not the deliberative process privilege also applied to three of the documents within this category. Id. at *7.

With respect to the four documents regarding housing policies (UST00492699, UST00504514, UST00536346, and UST00548270), defendant asserted only the deliberative process privilege. Fairholme Funds, 128 Fed. Cl. at 460-61. First, this court found that defendant satisfied the privilege's procedural requirements. Next, this court found that, despite Mr. Pearl's sworn declaration, defendant failed to demonstrate that all of the documents were predecisional and failed to show that the documents were deliberative. Id. at 461-62. Specifically, this court held that it could not ascertain the date on which two of the documents were created and that, despite Mr. Pearl's descriptions of the documents, their deliberative nature was not apparent upon in camera review. Id. Ultimately, this court directed the disclosure of the documents after finding that plaintiffs' evidentiary need for the information outweighed defendant's interest in preserving the documents' confidentiality. Id. at 462-63. On review, the

Federal Circuit affirmed this court's finding as to the only document in this category that was challenged by defendant (UST00492699). In re United States, 2017 WL 406243, at *9.

With respect to the twelve documents regarding PSPA modifications (UST00061421, UST00384146, UST00384501, UST00389662, UST00407182, UST00407342, UST00472229, UST00472232, UST00478535, UST00502258, UST00536560, and UST00539251), this court found that defendant had satisfied the procedural, but not the substantive, requirements of the deliberative process privilege. Fairholme Funds, 128 Fed. Cl. at 463-69. First, this court was not able to confirm that all of the documents were predecisional since, in several cases, the privilege log indicated the date a document was sent by one party to another but not the date the document was created, and upon examination, this court found the document to be undated. Id. at 467-69. Second, this court was unable, despite the sworn attestation of Mr. Pearl, to determine that the documents reflected deliberative communications. Id. at 469. After balancing the parties' respective interests, this court found that the deliberative process privilege could not shield the disclosure of this evidence. Id. at 469-70. On review, the Federal Circuit affirmed this court's ruling regarding the three documents within this category that were identified in defendant's petition for mandamus relief (UST00478535, UST00384501, and UST00389662). In re United States, 2017 WL 406243, at *9. Defendant declined to challenge this court's ruling with respect to the remaining nine documents within this category in its petition for mandamus relief.

With respect to the thirteen documents regarding GSE projections, this court found that although defendant met the procedural requirements of the deliberative process privilege, it did not establish that the documents were predecisional or that all of the documents were deliberative—the privilege's two substantive requirements. Fairholme Funds, 128 Fed. Cl. at 471-73. All of the documents were undated and, despite Mr. Pearl's sworn declaration, this court was unable to discern the deliberative nature of some of them. Id. at 473. Under the privilege's balancing test, however, this court concluded that plaintiffs' evidentiary need for the information outweighed defendant's desire to prevent the documents' disclosure. Id. at 473-74. Defendant declined to challenge this court's ruling with respect to these thirteen documents in its petition for mandamus relief.

With respect to the two documents regarding valuation reports, this court concluded that the deliberative process privilege's procedural requirements were satisfied but that defendant, despite Mr. Pearl's sworn declaration, did not show that the documents were predecisional—both documents were undated—and did not show that the documents were deliberative. Id. at 474-77. Under the privilege's balancing test, this court held that the documents should be disclosed. Id. at 477. Defendant declined to challenge this court's ruling with respect to these two documents in its petition for mandamus relief.

With respect to the one document containing estimates for the President's budget, this court concluded that defendant satisfied the privilege's procedural, but not its substantive, requirements. Id. at 477-79. Specifically, this court found that the document was not predecisional because it was undated, despite the fact that the privilege log provided a date on which it was sent from one party to several others. Id. at 478-79. In addition, this court found that the document was not deliberative because the declaration submitted by defendant did not

supply sufficient facts and the court was not able to verify, by its own examination of the document, the statements made by Mr. Pearl concerning the document's deliberative nature. Id. at 479. This court then concluded that even if the document was clearly predecisional and deliberative, it nevertheless had to be produced to plaintiffs because, under the privilege's balancing test, plaintiffs' need for the information was greater than defendant's need to keep the information privileged. Id. at 479-80. Defendant declined to challenge this court's ruling with respect to this document in its petition for mandamus relief.

With respect to the two documents regarding the potential implications of the terms of the PSPAs, this court found that defendant satisfied the procedural requirements of the deliberative process privilege but not its substantive requirements. Id. at 480-81. Despite the contents of Mr. Pearl's sworn declaration, this court concluded that while one of the documents was predecisional, the other was not. Id. at 481. In addition, this court found that neither of the documents was deliberative. Id. However, under the privilege's balancing test, this court held that plaintiffs' evidentiary need for the information contained within the two documents warranted disclosure. Id. at 481-82. Defendant declined to challenge this court's ruling with respect to these two documents in its petition for mandamus relief.

To summarize, of the fifty-six documents this court and the Federal Circuit reviewed in camera, only eight were ultimately allowed to be withheld by the government. Thus, as stated above, the issue before this court is whether defendant's position with respect to the forty-eight documents that were ultimately produced to plaintiffs—despite defendant's various privilege claims—was substantially justified. Based on the reasons behind this court's ruling as to these forty-eight documents, it is clear that defendant's position was substantially justified.

With respect to the deliberative process privilege, the basis for this court's finding that defendant had, on one occasion, failed to meet the privilege's procedural requirements was that defendant failed to provide precise and certain reasons for maintaining the document's confidentiality. That is not to say that such reasons did not exist, and that therefore defendant's position was not substantially justified. Rather, this court's finding that this requirement was not met was a statement concerning the sufficiency of defendant's explanation—not a conclusion that a legitimate explanation did not exist. In addition, the reason why this court found that defendant had, on several occasions, failed to meet the privilege's predecisional requirement—one of the privilege's substantive requirements—was that the court was unable to confirm from the face of the document or the declaration submitted by defendant the date on which the document was created, not because this court found that the document was clearly not predecisional or that this court discounted the sworn statement of defendant's declarant. Similarly, the reason why this court determined that defendant had, on several occasions, failed to meet the privilege's deliberative requirement—the privilege's other substantive requirement— was that this court was unable to confirm that the document was deliberative, despite the document's contents and defendant's submission of a sworn declaration attesting to the document's deliberative nature.

With respect to defendant's assertion of the bank examination privilege, the basis for this court's conclusion that documents were protected by the privilege was that the protection afforded by the privilege was outweighed by plaintiff's need for the documents. In other words,

but for plaintiffs' evidentiary need for the information, defendant would have prevailed.  Thus, defendant's position was, without a doubt, substantially justified.

With respect to defendant's assertion of the presidential communications privilege, this court concluded that three of the documents were not covered by the privilege because it could not independently verify the authors or recipient of the first document, it could not ascertain the title of an individual listed on the second document, and it could not verify the author of the third document.  As to these three documents, the reason why this court found that the documents were not covered by the privilege was simply that defendant's declaration lacked sufficient detail, not that this court concluded that the statements in defendant's declaration were false.  Therefore, defendant's position with respect to these documents was substantially justified.  Of course, because this court upheld defendant's claim of privilege as to the fourth document, the inevitable conclusion is that defendant's position with respect to this document was also substantially justified.

Finally, with respect to this court's analysis of all three privileges, any suggestion that this court found any one of defendant's three declarants unreliable or untrustworthy is simply false.  This court's previous use of the phrase "independently verify" was only meant to reflect this court's conclusion that certain sections within the declarations were insufficiently detailed and that, as a result, this court needed to review the documents in camera to discern whether they contained sufficient information to support a ruling as to the claimed privilege.

### 3.  The Court Need Not Consider "Other Circumstances"

Finally, because this court has concluded that an award of expenses is not appropriate because defendant's position was substantially justified, it need not also consider whether "other circumstances make an award of fees unjust."  RCFC 37(a)(5)(A)(iii).

### IV.  CONCLUSION

For the reasons stated above, the court will not award plaintiffs the attorney's fees they incurred filing and litigating their motion to compel.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge