# In the United States Court of Federal Claims

No. 13-465C
(Filed:  March 9, 2020)

```
*************************************
FAIRHOLME FUNDS, INC. et al.,        *
                                     *
             Plaintiffs,             *
                                     *      Certification of Interlocutory Appeal; 28
v.                                   *      U.S.C. § 1292(d)(2)
                                     *
THE UNITED STATES,                   *
                                     *
             Defendant.              *
*************************************
```

Charles J. Cooper, Washington, DC, for plaintiffs.

Kenneth M. Dintzer, United States Department of Justice, Washington, DC, for defendant.

## ORDER

Plaintiffs and defendant each filed an unopposed motion requesting that the court certify for interlocutory appeal its December 6, 2019 opinion granting in part and denying in part defendant's motion to dismiss.  Defendant also moves to stay further proceedings pending the resolution of the interlocutory appeal process, which plaintiffs do not oppose.  For the reasons explained below, the court grants the motions and will (1) modify the December 6, 2019 opinion to include the language necessary for an interlocutory appeal and (2) stay further proceedings in this case.

## I.  BACKGROUND

Plaintiffs challenge actions taken in connection with the conservatorships of the Federal National Mortgage Association ("Fannie") and the Federal Home Loan Mortgage Corporation ("Freddie").[1]  In their complaint, plaintiffs aver that the Federal Housing Finance Agency ("FHFA") in its role as conservator ("FHFA-C") for Fannie and Freddie (collectively, the "Enterprises") infringed on plaintiffs' rights when the FHFA-C executed the third amendment to the Preferred Stock Purchase Agreements ("PSPA Amendments").  Plaintiffs allege four types of claims:  a taking, illegal exaction, breach of contract, and breach of fiduciary duty.  Each type of

---

[1]  For the sake of brevity, this order recites only the facts and background necessary for the purposes of resolving the parties' motions.  Additional information on the genesis of this suit and the underlying facts is set forth in the December 6, 2019 opinion on defendant's motion to dismiss.  See Fairholme Funds, Inc. v. United States, 146 Fed. Cl. 17, 31-36 (2019).

claim is styled as (1) a direct claim and (2) a derivative claim on behalf of each Enterprise. Defendant moved to dismiss the complaint on the bases that the court lacked subject-matter jurisdiction over the claims, plaintiffs lacked standing to pursue their claims, and plaintiffs failed to state a claim on which relief may be granted. The court, after reviewing hundreds of pages of briefing and hearing nearly nine hours of oral argument, dismissed the direct claims. Specifically, the court explained that (1) it lacked jurisdiction to entertain plaintiffs' direct fiduciary duty claim and implied-in-fact contract claim, (2) plaintiffs who first purchased Enterprise stock after the PSPA Amendments lacked standing to pursue their direct claims, and (3) plaintiffs lacked standing to pursue their self-styled direct claims because those claims were substantively derivative. The court, however, denied defendant's request to dismiss the derivative claims.

Following the court's decision, both plaintiffs and defendant requested that the court certify its December 6, 2019 opinion for interlocutory review. Plaintiffs support their motion by highlighting three general questions presented in the opinion that they contend warrant certification:

(1) Whether the court lacks subject-matter jurisdiction over plaintiffs' direct claims for breach of fiduciary duty and breach of implied-in-fact contract.

(2) Whether plaintiffs who purchased stock in Fannie and Freddie after the PSPA Amendments lack standing to pursue their direct takings claims.

(3) Whether plaintiffs lack standing to pursue their self-styled direct claims because those claims are substantively derivative in nature.[2]

And defendant focuses on three different questions that it believes support certification:

(1) Whether plaintiffs have standing to assert derivative claims notwithstanding the Housing and Economic Recovery Act of 2008's ("HERA") succession clause, 12 U.S.C. § 4617(b)(2)(A)(i) (2018).

---

[2] Plaintiffs note that the issues they identify (and those presented by defendant) have subsidiary questions of law that they believe also need to be addressed on appeal. The court need not delve into those questions because the United States Court of Appeals for the Federal Circuit ("Federal Circuit") "may consider 'any question reasonably bound up with the certified order, whether it is antecedent to, broader or narrower than, or different from the question specified by the [Claims Court].'" A&D Auto Sales, Inc. v. United States, 748 F.3d 1142, 1150 (Fed. Cir. 2014) (alteration in original) (quoting 16C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2012)); accord Yamaha Motor Corp., U.S.A. v. Calhoun, 516 U.S. 199, 205 (1996) (noting that an appellate court "may address any issue fairly included within the certified order because 'it is the order that is appealable, and not the controlling question identified by the district court.'" (quoting 9 J. Moore & B. Ward, Moore's Federal Practice ¶ 110.25[1] (2d ed. 1995))); see also id. ("[A]ppellate jurisdiction applies to the order certified to the court of appeals, and is not tied to the particular question formulated by the district court.").

(2) Whether the FHFA-C's actions are attributable to the United States such that the court possesses subject-matter jurisdiction to entertain plaintiffs' derivative takings and illegal exaction claims.

(3) Whether plaintiffs' allegations that the FHFA entered into an implied-in-fact contract with the Enterprises to operate the conservatorships for shareholder benefit fail as a matter of law.

If the court certifies the December 6, 2019 opinion for interlocutory appeal, defendant asks that the court also stay further proceedings in this case until the Federal Circuit decides whether to entertain the parties' appeals and, if applicable, the final disposition of those appeals.

## II.  ANALYSIS

"Courts have long understood that '[i]nterlocutory appeals are reserved for exceptional or rare cases . . . .'" White Mountain Apache Tribe v. United States, No. 17-359, 2018 WL 6293242, at *2 (Fed. Cl. Dec. 3, 2018) (quoting Starr Int'l Co. v. United States, 112 Fed. Cl. 601, 603 (2013)); accord Coast Fed. Bank, FSB v. United States, 49 Fed. Cl. 11, 13 (2001); see Zoltek Corp. v. United States, 672 F.3d 1309, 1328 (Fed. Cir. 2012) (Dyk, J., dissenting) (discussing the legislative history of the statute authorizing interlocutory appeals).  The trial court has discretion on whether to certify an issue for an interlocutory appeal.  Starr, 112 Fed. Cl. at 603.  The court certifies issues by "includ[ing] in the [interlocutory] order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation . . . ."  28 U.S.C. § 1292(d)(2) (2018).  In short, there is a three-part test for certifying issues for interlocutory appeal:  The court must conclude that (1) there is a controlling question of law; (2) there is a substantial ground for difference of opinion with respect to that question; and (3) an immediate appeal may materially advance the ultimate termination of the litigation.[3]  Id.; accord United Launch Servs., LLC v. United States, 139 Fed. Cl. 721, 723 (2018).  The court will address each factor in turn.

The first factor is whether the parties are requesting permission to appeal a controlling question of law.  A party makes the necessary showing by seeking to appeal matters that "materially affect issues remaining to be decided in the trial court."  Coast Fed. Bank, 49 Fed. Cl. at 13 (quoting Pikes Peak Family Hous., LLC v. United States, 40 Fed. Cl. 673, 686 (1998)); accord In re Lloyd's Am. Trust Fund Litig., No. 96-1262, 1997 WL 758739, at *4 (S.D.N.Y. Aug. 12, 1997) (noting that there is a controlling question if "reversal . . . could result in dismissal of the action" or "significantly affect the conduct of the action").[4]  Both parties have

---

[3]  Even if this court certifies its opinion for interlocutory appeal, the Federal Circuit may decide not to entertain the appeal.  28 U.S.C. § 1292(d)(2); accord AD Glob. Fund, LLC ex rel. N. Hills Holding, Inc. v. United States, 68 Fed. Cl. 663, 665 (2005).

[4]  The statutory standard for interlocutory appeals in federal district court is "virtually identical" to the provision supplying the standard in this court.  Am. Mgmt. Sys., Inc. v. United

done so here.  Defendant seeks interlocutory review of justiciability issues (standing and subject-matter jurisdiction) that could end plaintiffs' lawsuit and one question—related to the alleged implied-in-fact contract—that, depending on the appellate decision, could significantly affect the issues to be tried.  On the flip side, plaintiffs are concerned with a number of dismissed claims, and a reversal of the court's decision on those claims would significantly alter any future litigation in this case.  Thus, the first factor weighs in favor of certification.

The second factor is whether the parties are seeking review of topics on which there is a substantial ground for a difference of opinion.  A court may find that there is substantial room for disagreement on an issue when there is a circuit split or the parties dedicated extensive briefing to the topic.  See Klamath Irr. Dist. v. United States, 69 Fed. Cl. 160, 163 (2005) (explaining that the second prong "more often . . . manifests itself as splits among the circuit courts"); Coast Fed. Bank, 49 Fed. Cl. at 14 (acknowledging that a large amount of briefing on an issue "suggests that there is room for disagreement").  Those considerations are present here.  The court ruled against the weight of authority in other jurisdictions on some topics, see, e.g., Fairholme, 146 Fed. Cl. at 48-50, and the parties devoted hundreds of briefing pages and hours of oral argument to the disputed issues.  Furthermore, as the court acknowledged during oral argument on defendant's motion to dismiss, this case is an "intellectual feast" with "thorny legal issues."  Tr. 391.  The second factor, therefore, weighs in favor of certification.

The third factor is whether an interlocutory appeal will materially advance the termination of the litigation.  The focus here is, "in large part[,] on considerations of 'judicial economy' and the need to avoid 'unnecessary delay and expense' and 'piecemeal litigation.'" Coast Fed. Bank, 49 Fed. Cl. at 14 (quoting Northrop Corp. v. United States, 27 Fed. Cl. 795, 798-99 (1993)); see also Lummi Tribe of the Lummi Reservation, Wash. v. United States, 870 F.3d 1313, 1315 (Fed. Cir. 2017) ("[T]his court granted the government's petition for interlocutory appeal to 'ensure that the [United States Court of Federal Claims] is the court of proper jurisdiction before requiring it and the parties to undergo extensive unnecessary proceedings.'" (quoting appellate order)).  The court and other parties will preserve their resources with an interlocutory appeal because a definitive ruling on the issues identified by the parties will offer clear guidance on the materially similar claims in seventeen related cases pending before the undersigned.  And the parties in the instant case will also benefit from an expedited appellate ruling.  Without an interlocutory appeal, the parties will likely begin costly discovery that would be unnecessary if an appellate court reverses this court's decision that it possesses jurisdiction over the derivative claims.  Similarly, an interlocutory appellate decision on the viability of the direct claims will conserve resources because, if the dismissal of those claims is reversed, the parties will be able to consolidate their discovery efforts for the overlapping aspects of the direct and derivative claims.  Thus, the third factor also weighs in favor of certification.

_____

States, 57 Fed. Cl. 275, 276 (2003) (quoting United States v. Connolly, 716 F.2d 882, 883 n.1 (Fed. Cir. 1983)).  See 28 U.S.C. § 1292 (setting forth standards for interlocutory review).

### III.  CONCLUSION

Because all of the factors that the court must consider under 28 U.S.C. § 1292(d)(2) weigh in favor of certification, the court concludes that it is appropriate to certify its December 6, 2019 opinion for interlocutory appeal.  The court, therefore, **GRANTS** plaintiffs' and defendant's respective motions to certify the December 6, 2019 opinion for interlocutory appeal. The court will amend its December 6, 2019 opinion by appending the following language to the end of the opinion:

> The court finds that this opinion involves the following controlling questions of law with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from the opinion may materially advance the ultimate termination of the litigation:
>
> (1) Whether the court lacks subject-matter jurisdiction over plaintiffs' direct claims for breach of fiduciary duty and breach of implied-in-fact contracts.
>
> (2) Whether plaintiffs who purchased stock in Fannie and Freddie after the PSPA Amendments lack standing to pursue their direct takings claims.
>
> (3) Whether plaintiffs lack standing to pursue their self-styled direct claims because those claims are substantively derivative in nature.
>
> (4) Whether plaintiffs have standing to assert derivative claims notwithstanding HERA's succession clause.
>
> (5) Whether the FHFA-C's actions are attributable to the United States such that the court possesses subject-matter jurisdiction to entertain plaintiffs' derivative takings and illegal exaction claims.
>
> (6) Whether plaintiffs' allegations that the FHFA entered into an implied-in-fact contract with the Enterprises to operate the conservatorships for shareholder benefit fail as a matter of law.

The court also **GRANTS** defendant's motion to stay further proceedings in this case pending the completion of the interlocutory appeal process.  **By no later than 14 days after the completion of that process,** the parties shall file a joint status report in which they propose further proceedings, if any are necessary.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Chief Judge